H. F. JONES v. DANIEL B. POTTER and wife.

*Deed of Husband and Wife—Reservation of Life Estate—Remainder—Entireties—Survivorship—Contract of Lease—Appeal Bond, waiver of justification of.*

1. A deed of husband and wife conveying an estate in fee to a son and reserving a life estate in themselves creates no change in the relations of the grantors to each other, and they hold the life estate by entireties, with the remainder to the grantee; and upon the death of the husband the widow becomes sole tenant for life.

2. The grantee under such deed has no right to lease the land during the continuance of the life estate, and one in possession under such contract is a trespasser as against the life-tenant or her lessee, and not entitled to notice to quit or demand for possession before suit brought.

3. The motion to dismiss the appeal upon the ground that the bond is not justified cannot be allowed, as the record shows there was a waiver by the acceptance of the bond in court.

EJECTMENT tried at July Special Term, 1883, of WATAUGA Superior Court, before *Gudger, J.*

On the trial the plaintiff offered in evidence:

1. A deed bearing date September 27th, 1847, from John Macus to Enoch Potter and wife Hannah Potter, giving the land in dispute to them and their heirs.

2. A deed in fee from Enoch and Hannah Potter to Daniel B. Potter, dated July 4th, 1873, but reserving a life estate to Enoch and Hannah.

3. A deed of lease from Hannah Potter and Daniel B. Potter to the plaintiff, dated January 26th, 1880, for the term of five years.

It was in evidence that at the time this lease was executed by Hannah and Daniel B. Potter to plaintiff, Enoch Potter was dead, having died some time previous to the execution of the lease. It was also in evidence that Hannah Potter was still living.

It was admitted that by the deed from Macus to Enoch and Hannah they took the estate by entireties.

One Sutherland, a witness for the plaintiff, testified that he witnessed the deed of lease from Hannah Potter and Daniel B. Potter to plaintiff, and did not see any money paid; that he was in his field when he witnessed the execution of the deed, and that D. B. Potter lived with the plaintiff Jones after the execution of the deed of lease.

On the part of the defendants, Sally Potter (wife of D. B. Potter) testified that after the deed of Enoch and Hannah Potter was made, she paid some money, viz.: ninety dollars, at the · instance of her husband, for the benefit of Enoch Potter, and it was agreed that she was to have two fields known as the "Ray fields," until she was repaid her money, the two fields containing twenty-five or thirty acres; that Enoch was present when she paid the money. This evidence was offered in support of the defence set up in the answer of the defendant Sally Potter, which was to the effect that some time after the marriage, her said husband bought the land now in dispute from his father, and took the deed to himself in fee, and she further avers that at the time of said purchase, she paid the sum of ninety dollars on the purchase money, for which she now has receipts, and that upon her husband's receiving the money, it was fully understood that he was to take the deed in his own name, but to the use of the defendant, until out of the rents and profits she was repaid her ninety dollars thus advanced towards the price of the land. She further testified that she and Daniel B. Potter were married on April 15th, 1868, and that Daniel abandoned her five years ago, but has at times lived with her since.

There was no writing offered in evidence in reference to the agreement between the defendant Sally and her husband, and the allegation of the agreement was denied by the replication of the plaintiff.

The plaintiff Jones gave notice before bringing the suit.

The defendant Sally Potter insisted, first, that a demand, of possession should have been made upon her before she could have been dispossessed; and secondly, that there was evidence that the

plaintiff had taken the lease for the benefit of Daniel B. Potter, and to get rid of her and drive her away from the premises, and upon that view and the evidence in the case, the plaintiff could not recover, and asked the court so to charge; but His Honor refused to give the instruction, and charged the jury that the plaintiff was entitled to recover. The jury found all the issues in favor of the plaintiff. There was judgment for plaintiff, from which the defendant Sally Potter appealed.

*Messrs. R. Z. Linney* and *J. W. Todd*, for plaintiff.
*Mr. J. F. Morphew*, for defendants.

ASHE, J. We are of opinion there was no error in the charge of the court to the jury. The first instruction asked by the defendant was properly refused, and the second exception, under the facts of the case, was altogether immaterial.

The deed from Macus to Enoch and Hannah Potter, as was properly admitted on the trial, passed to them an estate by entireties, and the deed made by them to Daniel B. Potter only conveyed to him the remainder after the determination of the life estate, which was reserved to them by the same instrument. The effect of the deed to Daniel B. Potter was simply to convey to him all of the estate of the bargainors that remained after their life estate. The original estate, except so much as was conveyed by the deed, remained in them. There was no change in the relations in which they stood to each other, and they still held the life estate by entireties, and when Enoch Potter died, the life estate survived to Hannah. She then became sole tenant for life, with remainder in Daniel B. Potter. And when she and Daniel made the lease of the land to the plaintiff for five years, it was the lease of Hannah and the confirmation of Daniel. She, having the freehold, alone could convey the interest in the term. No present title passed from Daniel to the lessee, and the only effect of his signing the deed with Hannah would perhaps be to estop him from ousting the plaintiff during the term, in the event she should die before its expiration.

The principles here announced are fully sustained by all the elementary writers on the subject, and to apply them to the facts of this case, the claim set up by the defendant to have the right to hold the possession of the land against the plaintiff until a formal demand of possession should be made by him, is without foundation.   Her only right to the possession was through a contract with her husband, Daniel, who had no right to make any contract of lease.   She had no agreement whatever with Hannah, and did not even claim to have held the possession with her implied consent.   She, then, was neither a tenant at will nor a tenant at sufferance, much less a tenant from year to year, as was contended in the argument before this court.   So far as regards her relations towards Hannah Potter, from all to be gathered from the facts of the case, she was a mere trespasser, and had no right either to a notice to quit or a demand for possession before action.

But, even conceding that she might legally claim to be a tenant at will, by the acquiescence of Hannah Potter, her tenancy was determined by the lease to the plaintiff, and she had no right to have a demand.   "A determination of the will of the lessor may be implied at common law, from his exercising any act of ownership inconsistent with the nature of the estate; as, if he makes a lease of the land, to commence immediately."   Taylor, Land. and Ten., §466.   "And a tenant at will is even held to be a trespasser by any unreasonable delay to remove after the estate has been determined."   Ib., §64.   Here, the lease was made on the 26th of January, 1880, and the summons was issued on the 19th day of April, 1880, and served on the ensuing day.

But, even conceding further, that Enoch Potter assented to the contract made by D. B. Potter with Sally, his wife, still, after the death of Enoch, he and his wife Hannah being seized by entireties, any right of possession Sally Potter may have acquired by such assent would have ceased, and she would have become a trespasser as to Hannah by holding the possession without her consent.   "Where husband and wife were lessees of land during their natural lives and the longest liver of them, free of rent,

and the defendant took possession under a verbal agreement with them to support them, and to receive the profits of the land over what should be necessary for such support: *It was held*, that, upon the death of the husband, the widow was entitled to recover possession, for the defendant's interest in the land under the verbal agreement terminated on the death of the husband, as that agreement conferred no right which could affect the estate of the wife as survivor; and the defendant, holding over after the husband's death and without the widow's consent, became a trespasser and was not entitled to notice to quit." *Torrey* v. *Torrey*, 14 N. Y., 430. But here, the record shows affirmatively that a notice was given before the action was commenced.

The claim of Sally Potter for money advanced to her husband in the purchase of the land, under an agreement between them, may possibly be asserted when the remainder falls in upon the husband by the death of Hannah, but we are unable to see any ground she has to hold the possession for a moment against Hannah Potter, or her tenant the plaintiff. The judgment of the superior court must, therefore, be affirmed.

There was a motion in this case to dismiss the appeal, because there was no justification of the appeal bond, but in looking into the record, we find there was a waiver by the acceptance of the bond in court.

No error.                                        Affirmed.