ANNA STAMPER v. MARY STAMPER et al.

*Action for Specific Performance—Covenant to Reconvey—Consideration—Default—Equitable Relief—Quantity of Interest—Survivorship—Waiver.*

1. Where a contract relating to land is not objectionable legally, it is as much a matter of course for a Court of Equity to decree specific performance as it is for a Court of Law to give damages for breach of such contract.

2. Where a father made a conveyance of lands to his son in consideration of the comfortable support of himself and wife during their natural lives, in default of which the grantee covenanted to reconvey; *Held,* that the grantor and his wife had the right to demand a reconveyance, on breach of the covenant, in entirety, with right of survivorship.

3. In such case the fact that, after the grantor's death, his wife allowed the grantee, her son, to return home after a term of outlawry and imprisonment, and live with her on the land until his death, was not a waiver of her right to a reconveyance.

CIVIL ACTION, tried before *Norwood, J.,* and a jury at Spring Term, 1896, of ALLEGHANY Superior Court. After the evidence was closed his Honor expressed the opinion that the plaintiff could not recover, whereupon she submitted to a non suit and appealed.

*Messrs. Hackett & Hackett,* for plaintiff (appellant.)
*Messrs. R. A. Daughton* and *W. J. Peele,* for defendants.

DOUGLAS, J.: This was a civil action brought by the plaintiff, widow of Hiram Stamper, to enforce the reconveyance to her by the heirs-at-law of Milton Stamper of cer-

tain lands in accordance with the provisions of a bond executed by the said Milton Stamper on the 18th day of July, 1873, the condition of which is as follows: "The said Milton Stamper is to comfortably support and maintain at his expense, upon the said land, the said H. H. and Anna Stamper, during their natural lives, and upon default so to do is to reconvey the land above referred to to the said H. H. and Anna Stamper." The deed conveying to Milton Stamper the land referred to in the bond and fully described in the deed states as its consideration: "That for and in consideration of love and affection and the further consideration of an obligation this (day) given by the said Milton Stamper to the said H. H. Stamper for the support of the said H. H. and Anna Stamper, and to which bond reference is hereby given for a more specific explanation of its terms." The deed further says in the *habendum:* "To have and to hold to him the said Milton Stamper, his heirs and assigns forever, free and clear from any and all incumbrances whatever, except those set forth in the bond above referred to, &c."

Upon the conclusion of the plaintiff's testimony, his Honor intimated that upon the plaintiff's own showing he would instruct the jury, that, if they believed the testimony, they would find in favor of the defendants. Upon which intimation the plaintiff submitted to a non suit and appealed.

In this intimation we think there was substantial error. There was direct and positive testimony introduced by the plaintiff tending to show that Milton Stamper failed to comply with the conditions of the bond. If he so failed, we think the plaintiff is entitled to a decree for specific performance of the covenant in the bond and a reconveyance of the land. Witnesses testified, among other things, that Milton Stamper committed some crime, admitted by the counsel to be hom-

icide; that he lay out in the woods for two years and was then sent to the penitentiary where he remained four or five years, during which time he contributed nothing to the support of his mother; that after the expiration of his sentence he came home where he remained and worked until his death; and that he was taken care of in his last illness by his mother, the plaintiff, and his sister, Mrs. Hall. Surely, if the jury believed this evidence, and it must be taken in the light most favorable to the plaintiff, they could not find that Milton Stamper had complied with the conditions of the bond, as he had neither supported his mother nor reconveyed the land. If his Honor meant that the plaintiff could not recover as matter of law, then we think there was equal error. The subject matter was land, and the bond plainly provided for a reconveyance in case of default. While it is universally conceded that specific performance is a matter of discretion, the best authorities agree that, where a contract relating to land is not objectionable legally, it is as much a matter of course for a Court of Equity to decree specific performance as it is for a Court of Law to give damages for a breach thereof. Story Equity Jur., Section 751; Bispham Equity, Section 364; Pomeroy Equity, Section 1402; *Kitchin* v. *Herring*, 42 N. C., 190.

It is urged that this case is in the nature of a forfeiture for breach of condition subsequent, which is not favored by the law, and that damages would be the proper relief. Even if this were so, the parties to the contract themselves agreed upon a reconveyance, which in that view would be in the nature of liquidated damages. But the relief sought here is purely equitable and must be administered upon equitable principles.

We must now consider the quantity of interest to be reconveyed, which we think is the entire estate in the land acquired by Milton Stamper under the deed. The covenant

was to reconvey to H. H. and Anna Stamper. They being husband and wife held their equitable interest, the right to demand a reconveyance upon breach of the covenant in entirety, with the right of survivorship. *Motley* v. *White-more*, 19 N. C., 537; *Todd* v. *Zachary*, 45 N. C., 286; *Wood-ford* v. *Higly*, 60 N. C., 237; *Long* v. *Barnes*, 87 N. C., 329; *Jones* v. *Potter*, 89 N. C., 220; *Simonton* v. *Cornelius*, 98 N. C., 433. In the two cases last cited the land held in entire-ty was a life estate, and we do not see why the right to the conveyance of a fee simple cannot be held in the same man-ner. In *Laxton* v. *Tilly*, 66 N. C., 327, where the support of the plaintiff was held a charge upon the land in accord-ance with the prayer of the plaintiff, there was no agree-ment to reconvey the land nor was a reconveyance asked by the plaintiff. In the case at bar the plaintiff asked only what the defendants' intestate agreed to give, that is to give back the land upon breach of the covenant, which was sim-ply a failure of consideration. There can be no doubt that Hiram Stamper appropriated this land to the support of himself and his wife in their old age and that he intended to take back the land upon any breach of the agreement, so that the land might do what the son had failed to do.

Every rule of construction, save one, is properly invoked to carry out the evident intention of the grantor, and that rule has no application here. This single exception is the rule in Shelly's Case, the Don Quixote of the law, which, like the last Knight errant of chivalry, has long survived every cause that gave it birth and now wanders aimlessly through the reports, still vigorous, but equally useless and dangerous.

The death of Hiram Stamper vested the entire equitable estate in his wife Anna Stamper, the plaintiff in this case.

But it is said that the plaintiff waived the forfeiture. How and when? When Milton Stamper came back from

the penitentiary, she let him live with her until he died, and took care of him in his last illness. Though a convict, he was her son; and because she opened her door to her homeless child, must we presume a waiver? As she sat by his death-bed, cooling the fevered brow and soothing the troubled spirit through the long dark hours of night into the dawn of another day and another life, can we suppose that she was contemplating the legal effect of her act? The holiest instincts of humanity should not be construed to their own prejudice, and we need not seek a motive for a mother's love, the only *infinite* attribute of a *finite* being. This is not mere sentiment. It is the answer of the conscience of a chancellor on an appeal to the discretion of a Court of Equity.

It is alleged by the defendants that the plaintiff is endeavoring to obtain title to this land for the purpose of devising it to her daughter, Parmelia Hall. Be it so. If the land belongs to the plaintiff, why can she not give it to whom she pleases, and why should not she give it to one who, alone of all her children, has remained with her?

For the reasons given we think there was error in the intimation of his Honor and that a new trial should be ordered.

New trial.