J. H. JERNIGAN ET AL. v. L. B. EVANS ET AL.

(Filed 29 September, 1920.)

1. **Estates—Husband and Wife—Life Estates—Entireties—Wills.**

   A life estate held by the testator's son and his wife under a devise made to them jointly, holds the estate in entirety.

2. **Wills—Estates—Remainders—Contingencies—Powers of Sale—Deeds and Conveyances.**

   A testator devised lands to his two sons, J. L. and J. H., for life, and by codicil, added the name of the wife, upon the same conditions and limitations, to be equally divided, then to their children, and upon the contingency that should one of them die without leaving a child, then to the other son of the testator for life, and at his death to his children, and to revert to the testator's general heirs should the grandchildren die without issue; but a conveyance by the grandchildren would "be good" in the case of their death without children. Both J. L. and J. H., the two sons, being dead, the children of the latter and the grandchildren of the testator, together with their mother, would convey the purchaser a good fee-simple title, there being no possibility of future children of the marriage of J. H.; and that the clause in the will under which the conveyance was made would prevent the land going over under the prior clause of the will.

Appeal from *Devin, J.,* at April Term, 1920, of BERTIE.

Plaintiffs agreed to sell certain land to the defendants, who refused to comply with the contract because, as they alleged, the title conveyed

to them by the deed tendered is defective. If the title is good and indefeasible, they are ready and willing to pay the purchase money and take the deed.

The question as to the title arises upon the construction of the second clause of Mrs. Sallie D. Holley's will, dated 25 November, 1885, and the codicil to the will, dated 15 March, 1892, which are as follows:

"2nd. I loan to my two sons, D. L. Jernigan and John H. Jernigan, during their lives, all the real estate given me by my late husband, Augustus Holley, to be equally divided between them in value, and after their death I give it to their children in fee simple, except in case of their death without issue, and in case of the death of either J. L. Jernigan or Jno. H. Jernigan without a living child at his death, I loan the share of the real estate of the one dying first to his surviving brother during his life, and after his death I give it to his children, and in the case of the death of my grandchildren without children, then the real estate so devised and given to them shall revert or come back to my heirs at law; but in the case the real estate so devised or given to my grandchildren shall be sold by them, the title conveyed by them to the purchaser shall be good in case of their death without children. In the division of my real estate, I desire and direct that Ashland, and the place known as Gaskins, be allotted to D. L. Jernigan as a part of his half interest, and that the Hermitage be allotted to Jno. H. Jernigan as a part of his half interest. The fishery known as the Hermitage fishery I loan to them jointly, to be enjoyed by them equally and alike, and after their death I give it to their children in the manner the other real estate is given."

"I add the following codicil to my will: The share of my estate which in my will I have given to my son John H. Jernigan, I give instead to the said John H. and his wife, Lizzie B. But I impose upon the estate in the hands of the two exactly the same conditions and limitations which I imposed on the same in the hands of John H. Jernigan alone. The only change I mean to make by the codicil is to add Lizzie B. Jernigan's name to that of John H. Jernigan whenever in said will property is given to him."

J. H. Jernigan bought the interest, other than his own, in the Hermitage farm and fishery, and has died since this proceeding was begun.

The deed which was tendered to the plaintiffs is signed by L. B. Evans, Francis Gilliam, John H. Jernigan, Elizabeth B. Jernigan, Alexander Bell and wife, Elizabeth J. Bell, the latter, who was Elizabeth Jernigan, being the only child of John H. and Elizabeth B. Jernigan. It is alleged in the complaint that D. L. Jernigan died on 28 July, 1893, and left surviving him a son, George C. Jernigan, and a daughter, Sallie Jernigan Mitchell, wife of J. R. Mitchell, who claim a contingent inter-

est in the land, under the will of Mrs. Holley, as her heirs, and who have been made parties by publication, they being nonresidents, living in Washington, D. C. Sallie J. Mitchell is the nonresident guardian of George Jernigan, who is *non compos mentis*, S. W. Kenney has been appointed guardian *ad litem* of James J. Mitchell, Dennie Lewis Mitchell, who are minors, and George C. Jernigan.

The court being of the opinion that plaintiffs cannot convey a good and indefeasible title to the defendants, L. B. Evans and Francis Gilliam, dismissed their action and taxed the costs against plaintiffs, who excepted to the judgment and appealed.

*Wm. Leigh Williams for plaintiffs.*
*Winston & Matthews for defendant.*

WALKER, J., after stating the case: We do not understand why the plaintiffs cannot pass a good title to the defendants Evans and Gilliam to the land described in the contract. By the will and codicil, the land in question was devised to J. H. Jernigan and his wife Lizzie B., for their lives, and they held by entireties, although they had but life estates. *Todd v. Zachary,* 45 N. C., 286; *Jones v. Potter,* 89 N. C., 220; *Simonton v. Cornelius,* 98 N. C., 433. They held the land just as did J. H. Jernigan by the terms of the original will, before the codicil was added. J. H. Jernigan is dead, and, of course, he and his wife can have no more children. The deed of Mrs. Jenigan, and her daughter, Mrs. Bell, and her son-in-law, Alexander H. Bell, will pass a good title, unless their estate is affected by the clause devising the land over to testatrix's heirs provided Mrs. Bell, her grandchild, should die without children. But this cannot be, as there is a further provision that a sale and deed by the grandchildren shall be sufficient to pass a valid title to the purchaser, in case of the grandchildren's death afterwards without children. This language is very plain and easily understandable. It can have but one meaning, which is, that though it is provided in the will that, if the grandchildren should die without children, the land should go to the testatrix's own heirs, yet if the grandchildren shall have sold and conveyed the land, the purchaser shall acquire a good title. This would, of course, prevent the land from going over under the prior clause in the will.

It is therefore unnecessary to consider or discuss the other question suggested as to how, if at all, the rule against perpetuities may affect the question, as there could be no perpetuity. The further limitation to ulterior devisees would be cut off.

Our opinion is that there was error in the ruling and judgment of the court, which is reversed, and judgment will be entered in the court below for plaintiffs accordingly.

Reversed.