ELLAVENE M. FOY v. HOWARD J. FOY

No. 8526DC370

(Filed 3 December 1985)

**Execution § 1; Husband and Wife § 14— installment land contract—creation of tenancy by the entirety—execution by creditor of one spouse precluded**

　　An installment land contract executed by the record owners to defendant and his present wife created a tenancy by the entirety so as to preclude a judgment creditor of one spouse from subjecting the property to execution and sale.

APPEAL by plaintiff from *Lanning, Judge.* Order entered 8 January 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 23 October 1985.

*Curtis and Millsaps by Joe T. Millsaps for plaintiff appellant.*

*Newitt & Bruny by John G. Newitt, Jr., and Roger H. Bruny for intervenor appellee.*

COZORT, Judge.

Plaintiff Ellavene M. Foy, former wife of the defendant Howard J. Foy, appeals from the stay of execution granted in favor of defendant's present wife, Diane F. Foy, the intervenor in this action. The stay was issued to enjoin the execution sale of real property held under an installment land contract in the name of the defendant and his present wife. Plaintiff contends that the trial court erred in granting the stay because an installment land contract does not create a tenancy by the entirety in the defendant and his wife and is therefore subject to execution of plaintiff's judgment against the defendant. We disagree.

The essential facts are the following:

In April of 1977 the District Court of Mecklenburg County entered an order finding the defendant Howard J. Foy indebted to the plaintiff for support payments in the sum of $13,940.00. The order was docketed on 27 April 1983 in Mecklenburg County. On 6 May 1983 execution was issued against defendant's property. The Sheriff of Mecklenburg County, pursuant to the execution, issued a notice of sale of defendant's one-half interest in real property located in Berryhill Township, Mecklenburg County. De-

fendant's interest in the property consisted of an installment land contract originally granted to him on 16 July 1976 by the record owners of the property. In May of 1981 another installment land contract was executed by the record owners to defendant and his present wife, Diane F. Foy, which superseded the original installment land contract. The defendant's present wife intervened in the action seeking to stay the execution of plaintiff's judgment against the property in question and to relieve the property from the operation of the judgment. A stay was granted on 8 January 1985. The trial court found that the property in question is not subject to execution because it is held as a tenancy by the entirety.

The sole question argued on appeal is whether an installment land contract creates a tenancy by the entirety so as to exclude a judgment creditor of one spouse from subjecting the property to execution and sale. We find that it does.

When land is conveyed to a husband and wife as such, they take the estate as tenants by the entirety and not as joint tenants or tenants in common. *Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 567 (1924). The husband and wife, by virtue of their marital relationship, are each seized of the whole estate, not a portion of the estate. This is true because at common law the husband and wife were considered one person. *Id.* As a consequence of the tenancy by the entirety concept, "[l]ands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife alone, . . . but a judgment rendered against the husband and wife jointly, upon a joint obligation, may be satisfied out of an estate in lands held by them as tenants by the entirety." *Id.* at 205, 124 S.E. 566, 569. *See also Boyce v. Boyce*, 60 N.C. App. 685, 689, 299 S.E. 2d 805, 808 (1983).

We are constrained by the North Carolina Supreme Court's opinion in *Stamper v. Stamper*, 121 N.C. 251, 28 S.E. 20 (1897) to find that an installment land contract, a contract to convey, creates a tenancy by the entirety. In *Stamper*, the North Carolina Supreme Court stated: "[W]e do not see why the right to the conveyance of a fee simple cannot be held in the same manner [as a tenancy by the entirety]." *Id.* at 254, 28 S.E. 20, 21. Subsequent cases have recognized, in dicta, that a contract to convey to hus-

band and wife creates a tenancy by the entirety. *Davis v. Bass*, 188 N.C. 200, 209, 124 S.E. 566, 571 (1924); *Moore v. Trust Co.*, 178 N.C. 118, 124, 100 S.E. 269, 273 (1919). An installment land contract is a contract to convey property upon the payment of all required installments. Narron, *Installment Land Contracts in North Carolina*, 3 Campbell L. Rev. 29, 30-31 (1981). Under the facts of this case the installment land contract executed by the defendant and his present wife creates a tenancy by the entirety in the property in question. As a tenancy by the entirety this property is not subject to levy and sale under execution of the plaintiff's judgment which was rendered solely against the defendant-husband.

Affirmed.

Judges WHICHARD and EAGLES concur.