**In the Matter of Edward Joseph GEOGHEGAN, Debtor.**

**Bankruptcy No. 88–7579–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 20, 1989.

James M. Landis, Tampa, Fla., for debtor.

Zala L. Forizs, St. Petersburg, Fla., for Countryside Bank.

### ORDER ON OBJECTION OF COUNTRYSIDE BANKERS TO DEBTOR'S CLAIMED EXEMPTIONS

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Objection of Countryside Bankers (Countryside) to the Debtor's claimed exemptions. The Court reviewed the Objection, the record, heard argument of counsel, and finds as follows:

The Debtor, Edward Joseph Geoghegan, filed his Petition under Chapter 11 of the Bankruptcy Code on December 13, 1988. Schedule B–4 lists as exempt several assets held in tenancy by the entirety with the Debtor's non-debtor spouse. Four parcels of real property held as tenants by the entirety and claimed as exempt consist of the Debtor's homestead located in Clearwater, Florida; one-half acre of unimproved real property located in Brevard, North Carolina; a condominium located in Bellair Beach, Florida; and commercial property located in Palm Harbor, Florida. The personal property held in tenancy by the entirety and claimed as exempt is stock in Plumbing by Peck of Clearwater, Inc. and personal property located at the Debtor's homestead and listed on Schedule B–4 as having a value of $30,000. Countryside objects to the Debtor's claimed exemptions with the exception of the Debtor's homestead.

The Debtor and his wife, a non-debtor, have several joint obligations. A portion of the joint indebtedness is secured by the tenancy by the entirety property. The personal property and the one-half acre of unimproved real property in North Carolina are unencumbered.

Countryside argues tenancy by the entirety property is not exempt property and such property may be administered in the bankruptcy case. Further, Countryside agrees property held as tenancy by the entirety may under certain circumstances be immune from bankruptcy administration. Once the tenancy by the entirety property loses its immunity, however, Countryside contends the ability to reach the property should inure to the benefit of all creditors.

In opposition, the Debtor contends the interest in an entireties estate that may be brought into the bankruptcy estate is limited to the Debtor's right of survivorship. Notwithstanding these limitations, the Debtor contends his equity in the entireties property above the amount of the joint obligations qualifies for the Section 522(b)(2)(B) exemption. Further, Countryside Bankers, a creditor of only the Debtor, cannot benefit from the Debtor's interest in tenancy by the entirety property. The Debtor also contends Countryside Bankers, a sole creditor who could not reach the tenancy by entirety property under state law, does not have standing to object to the exemptions in bankruptcy.

■ Initially, this Court finds Countryside has standing to object to the Debtor's claimed exemptions. The exemptions allowed will affect the extent of distribution of assets of the estate. Thus, creditors have an interest in ensuring the propriety of Debtor's claimed exemptions. While courts have not made an analysis of a creditor's standing to object to a debtor's claimed exemptions, general bankruptcy law and case law indicates all creditors have standing to object. *See, In re Gibbons*, 52 B.R. 861 (Bankr.R.I.1985). *In re Anselmi*, 52 B.R. 479 (Bankr.Wy.1985).

Florida law recognizes tenancy by the entirety estates in both real and personal property. Fla.Stat., *Hagerty v. Hagerty*, 52 So.2d 432 (Fla.1951). North Carolina law also recognizes the tenancy by the entirety estate. *Foy v. Foy*, 78 N.C.App. 188, 336 S.E.2d 707 (1985). The Debtor erroneously contends that a tenant's only interest in an estate by the entirety is the right of survivorship. Rather, "each spouse is seized of the whole [estate] or the entirety, and not of a share, moiety, or divisible part." *Bailey v. Smith*, 89 Fla. 303, 103 So. 833 (Fla.1925).

The parties are not disputing the characterization of the Debtor's property listed in Schedule B–4 as tenancy by the entirety property. The dispute is whether the Debtor's property held in tenancy by the entirety with his non-debtor wife is property of the estate subject to administration.

Pursuant to Section 541(a)(1) of the Bankruptcy Code, the estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case. Tenancy by the entirety property is within the scope of Section 541(a)(1). *Napotnik v. Equibank and Parkvale Savings Assoc.*, 679 F.2d 316, 318 (3rd Cir.1982). It follows the Debtor's interest in the four parcels of real property, the stock, and the personal property is initially property of the estate.

After the estate is created, the debtor is permitted to claim as exempt certain property in accordance with Section 522 of the Bankruptcy Code. Florida has opted out of the federal bankruptcy exemptions listed in Section 522(d). Fla.Stat. § 222.20 and § 222.201 (1987). The exemptions available to Debtors in Florida are limited to those provided for by Article X of the Florida Constitution as implemented by Chapter 222 of the Florida Statutes. *In re Koehler*, 6 B.R. 203 (Bankr.M.D.Fla.1980). Florida law does not exempt property held as tenants by the entirety. *Id.*

■ While tenancy by the entirety property is not given exempt status, such property may sometimes be immune from bankruptcy administration because the Bankruptcy Code allows it to be declared as exempt under limited circumstances. Section 522(b)(2)(B) provides,

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest as a tenant by the entirety or joint tenant is*

*exempt from process* under applicable non-bankruptcy law. [emphasis added]

Under Florida law, property held as tenants by the entirety is exempt from process of the creditors of only one spouse but is not protected from the creditors of both spouses. Fla.Stat. § 56.061 (1988). *Sharp v. Hamilton,* 520 So.2d 9 (Fla.1988); *In re Colston,* 87 B.R. 193 (Bankr.M.D.Fla.1988). Likewise, under North Carolina law, an estate by the entirety is not subject to levy under execution on a judgment rendered against either spouse alone. *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E.2d 675 (N.C.1963) citing Lee, R.E., *Tenancy by the Entirety.*

In this case, at the time of filing both the Debtor and his non-debtor wife had several joint obligations. Under Florida and North Carolina law, the property listed as exempt under Schedule B–4 is not exempt from the process of joint creditors. The property is subject to administration under Section 363(h) of the Bankruptcy Code. However, such administration is limited to the extent of claims held by joint creditors of both the Debtor and his non-filing spouse.[1] *In re Pepenella,* 79 B.R. 76 (Bankr.M.D.Fla. 1987), *rev'd* on separate grounds, *Pepenella v. Life Insurance Co. of Georgia,* 103 B.R. 299 (M.D.Fla.1988). The Debtor's equity in the entireties property above the amount of the joint obligations qualifies for the Section 522(b)(2)(B) exemption. *Id.* While the Debtor's entireties estate is not given any greater protection under federal law than under state law, the property is not given any less protection than state law would afford. *In re McConchie,* 94 B.R. 245 (Bankr.Mass.1988) The Court understands such a method of distribution of jointly owned assets as determined herein is inconsistent with the Bankruptcy Code's distribution of property of the estate pursuant to Section 726.[2] However, no other method appears viable in light of the ruling in *Pepenella* and other cases. *See In re Oberlies,* 94 B.R. 916 (Bankr.E.D.Mich. 1988).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED Countryside Banker's Objection to Debtor's Claimed Exemptions by the Debtor be, and the same is hereby, sustained as to the following items:

(a) ½ acre of unimproved real property in Brevard, North Carolina

(b) Chateau Condominium, Unit 6, Belleair Beach, Florida

(c) Commercial real estate and building, 4311 U.S. 19 N, Palm Harbor, Florida

(d) 6276 shares of Plumbing by Peck of Clearwater, Inc.

(e) Personal property located at 2300 Harn Boulevard, Clearwater, Florida, in excess of $1,000.00 personal exemption

It is further

ORDERED, ADJUDGED AND DECREED the property listed on Schedule B–4 be, and the same is hereby determined to be property of the estate pursuant to Section 541 of the Bankruptcy Code. The tenancy by the entirety property listed on Schedule B–4 qualifies for the Section 522(b)(2)(B) exemption to the extent of claims held by creditors of the Debtor only and not to joint creditors of the Debtor and his non-debtor spouse. Inasmuch as the tenancy by the entirety property is property of the estate, the property is conditionally subject to administration by the Trustee. Upon notice and hearing the Trustee may sell the tenancy by the entirety property provided the requirements of Section 363(h) are met. If the Trustee cannot meet the requirements of Section 363(h), the Trustee shall abandon the property. If the Trustee can sell the property pursuant to Section 363(h), the Court shall structure the sale

---

1. The Court would note that only homestead real property held as tenants by entireties would be completely protected. How the title to real property was held by the spouses would not be material in that situation.

2. While other courts have had ample opportunity to discuss the issues herein, it is this Court's belief that the gravaman of the analysis rests with the ability of the Trustee to meet the criteria to sell tenancy by entireties property pursuant to Section 363(h).

and distribution of proceeds in the following manner:

The sale shall begin with the encumbered property and shall proceed to unencumbered property only if there are insufficient monies to pay all joint creditors. The sale proceeds shall be distributed only to those creditors with allowed joint claims against the Debtor and his non-debtor spouse. The balance of the sale proceeds shall be exempt pursuant to Section 522(b)(2)(B). This Court reserves jurisdiction to consider disputes over the sale method, time frames, sale price, sale proceeds distribution, and any other matters affecting the tenancy by the entirety property listed on Schedule B–4.

DONE AND ORDERED.