In the Matter of Franklin D. ANDERSON, f/d/b/a Atlantic Asphalt & Paving, Debtor.

**Bankruptcy No. 90–8070–8B7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 25, 1991.

Andrew S. Forman, Tampa, Fla., for debtors.

Buddy Ford, trustee.

Richard B. Webber, II, Maguire, Voorhis and Wells, P.A., Kevin F. Foley, Orlando, Fla., for creditors.

## ORDER OVERRULING FLORIDA MACHINERY AND EQUIPMENT COMPANY, INC.'S, AMENDED OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTIONS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for final evidentiary hearing upon Florida Machinery and Equipment Company, Inc.'s, Amended Objection to Debtor's Claims of Exemptions. The Court reviewed the record, heard argument of counsel, and finds the relevant facts as follows:

On February 14, 1990, Florida Machinery and Equipment Company, Inc. (Florida Machinery), filed a complaint in state court against Franklin D. Anderson (Debtor), Charlotte Anderson, and Cindy Heischman. On May 21, 1990, the state court entered Summary Final Judgment in the amount of $10,025.01 against Debtor and Heischman. On January 8, 1991, the state court entered Final Judgment in the amount of $19,-391.56 against Charlotte Anderson.[1]

On August 17, 1990, Debtor filed an individual, voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.). On his Schedule of Assets and Liabilities, Debtor listed Florida Machinery as a creditor having an unsecured claim without priority (Schedule A–3) and also claimed four parcels of real property as exempt pursuant to Article X, Section 4, of the Florida Constitution and Chapter 222 of the Florida Statutes (Schedule B–4).

Florida Machinery timely objected to Debtor's claimed exemptions of real property. The Objection was based on the designation of more than one parcel as homestead. Florida Machinery requested Debtor claim one homestead exemption and the

1. On January 24, 1991, the state court denied Charlotte Anderson's Motion for Rehearing.

other parcels of real property be liquidated for the benefit of the unsecured creditors of the bankruptcy estate.

Debtor responded by amending his Schedule B–4 to list one parcel as exempt homestead pursuant to Article X, Section 4, of the Florida Constitution and Chapter 222 of the Florida Statutes. The other three parcels were listed as exempt pursuant to Article X, Sections 4 and 5, of the Florida Constitution and Chapter 222 of the Florida Statutes. Debtor then filed a response to Florida Machinery's Objection in which Debtor claimed the three parcels were exempt because they were held as tenancies by the entirety pursuant to Article X, Section 5, of the Florida Constitution.

## DISCUSSION

Upon the filing of a petition for relief, a bankruptcy estate is created. 11 U.S.C. §§ 301, 541. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

A debtor, however, is allowed to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522. A debtor may utilize the federal exemptions enumerated in Section 522(d) of the Bankruptcy Code, or a debtor may utilize the exemptions to which he is entitled under state law and nonbankruptcy federal law. 11 U.S.C. § 522(b). In Florida, a debtor may utilize only state law and nonbankruptcy federal law exemptions.[2] In addition, a debtor utilizing state law and nonbankruptcy federal law exemptions may exempt from the bankruptcy estate:

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the

entirety ... is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b)(2)(B).

In Florida, property held in tenancy by the entirety is exempt from process to satisfy the individual obligations of either spouse, but may be reached only by a joint creditor of both spouses. *In re Geoghegan*, 101 B.R. 329, 331 (Bankr.M.D.Fla. 1989); *Meyer v. Faust*, 83 So.2d 847, 848 (Fla.1955); *Neu v. Andrews*, 528 So.2d 1278, 1279 (Fla. 4th DCA 1988).

Complications arise when only one spouse files bankruptcy but seeks to "exempt" jointly held property. There has been a continuous dialogue in reported cases concerning this issue.[3] The inquiry goes to two levels: (1) the status of the jointly held property as property of the estate and (2) the distribution of the debtor's interest in the jointly held property to creditors of the estate.

Property held in tenancy by the entirety is property of the estate when one of the spouses files bankruptcy. *In re Geoghegan*, 101 B.R. at 330. If the debtor claims such jointly held property as "exempt" and no party in interest objects, then the inquiry is over. If the trustee or a creditor objects to the "exemption" of jointly held property, then the more complex issues arise. Since the Bankruptcy Code and Bankruptcy Rules make no distinction as to the status of creditors who may object, this Court has decided any creditor or the trustee can object to the claimed exemption of jointly held property. *In re Geoghegan*, 101 B.R. at 330.

The argument proceeds that courts should not sustain an objection to this exemption unless there exists a joint creditor of the debtor and non-debtor. As can be seen, the linchpin of the whole inquiry is the existence of a joint creditor of the debtor and non-debtor who has the ability

---

**2.** Florida has opted out of the federal bankruptcy exemptions enumerated in 11 U.S.C. § 522(d). *Fla.Stat.* § 222.20 (1989).

**3.** *See In re Boyd*, 121 B.R. 622 (Bankr.N.D.Fla. 1989); *In re Geoghegan*, 101 B.R. 329 (Bankr. M.D.Fla.1989); *In re Pepenella*, 79 B.R. 76 (Bankr.M.D.Fla.1987), *rev'd sub nom. Pepenella*

*v. Life Ins. Co. (In re Pepenella)*, 103 B.R. 299 (M.D.Fla.1988). *See also Suny v. Schlossberg (In re Suny)*, 777 F.2d 921 (4th Cir.1985); *Liberty State Bank and Trust v. Grosslight (In re Grosslight)*, 757 F.2d 773 (6th Cir.1985); *Napotnik v. Equibank and Parkvale Sav. Ass'n*, 679 F.2d 316 (3d Cir.1982).

to have process issued in its favor. 11 U.S.C. § 522(b)(2)(B). Assuming the inapplicability of pre-judgment garnishment or attachment, the joint creditor, who must be in existence at the time of the filing of the petition, must have the capacity to have process issue under state law; *i.e.*, writ of execution, levy, or post-judgment attachment or garnishment. If there is such a judgment creditor, there is a sufficient basis upon which this Court should sustain the objection to the claimed exemption of the jointly held property. Conversely, if there is no such joint creditor, the objection should be overruled.

■ If the objection is sustained, the trustee, in order to deal with the debtor's interest in a jointly held property, must proceed in accordance with Section 363(h) by filing an adversary proceeding under Bankruptcy Rule 7001(3). In order for the trustee to sell the jointly held property of both debtor and non-debtor, the trustee in the adversary proceeding must show four things: (1) the partition of the property is impracticable, (2) the trustee would realize significantly less in a sale of the debtor's interest than if both the debtor's and non-debtor's interests were sold, (3) the benefit to the estate of the sale outweighs any detriment to the co-owner, and (4) the property is not used in the production, transmission, or distribution, for sale, of electrical energy or of natural or synthetic gas for heat, light, or power. 11 U.S.C. § 363(h).

Assuming the trustee is successful in proving these four conditions, the next hurdle is the distribution of the proceeds from the sale. Distribution of the sale proceeds to the non-debtor is provided for in Section 363(j) of the Code, but distribution of the sale proceeds from the debtor's interest in the jointly held property is debatable. "Ay, there's the rub!"[4]

If the trustee is successful in meeting the criteria of Section 363(h), *Pepenella v. Life Insurance Co. (In re Pepenella)*, 103 B.R. 299 (M.D.Fla.1988), holds the proceeds from the sale of the debtor's interest in jointly held property can only be distributed to the existing joint creditors, a special priority class not specified in Section 726 or elsewhere in the Code.[5] In *In re Boyd*, 121 B.R. 622 (Bankr.N.D.Fla.1989), Chief Judge Killian of the Northern District of Florida adopted the general argument in *Pepenella* and in this Court's *In re Geoghegan*, but rejected the idea the debtor's interest in the jointly held property should be distributed only to joint creditors of the estate.[6] Viewing Section 726 as the only method by which property of the estate can be distributed, Chief Judge Killian reasoned all property of the estate must be distributed as established by Section 726 without any special limited distribution to the joint creditors.

■ This Court holds a Section 363(h) sale causes the property held in tenancy by the entirety to lose that status, both for the debtor and non-debtor, and the property is then held in tenancy in common. This result is consistent with state law and the ultimate distribution mechanism of Section 726. Therefore, the proceeds from the sale of the debtor's interest should be available to all unsecured creditors of the estate. Since the Court in *Pepenella* did not consider the Section 363(h) sale terminating the tenancy by the entirety, this Court would not be bound by the *Pepenella* scheme.[7]

■ With respect to this case, if at the time of filing the petition a creditor had a

---

4. William Shakespeare, Hamlet act 3, sc. 1.

5. *Pepenella* made no distinction whether the funds would be distributed to all joint creditors of the debtor and non-debtor or only to the joint creditors who would have the capacity to utilize process under state law.

6. If there is a joint creditor who has the capacity to obtain a writ of execution, garnishment and post-judgment attachment, it is probably a secured judgment creditor; and if the property is

sold by the trustee, this creditor would get paid off from the proceeds. Such a result was considered in *In re Geoghegan* when this Court sought to oversee the ability of the trustee to sell property with no liens ahead of property which had joint secured creditor liens.

7. This Court's opinion herein should supersede any inconsistent position which may have been suggested in *In re Geoghegan*.

judgment against Debtor but no judgment against non-debtor, that creditor does not qualify as a joint creditor with the capacity to have process issue. A creditor who objects to the "exemption" of jointly held property under Section 522(b)(2)(B) does not have to be a joint creditor with the capacity to have process issue, but must show there is such a joint creditor of Debtor and non-debtor at the time of filing the petition or the objection to an exemption based on tenancy by the entirety will be overruled.

Since Florida Machinery has not presented any evidence to establish itself as a joint creditor of Debtor and non-debtor with the capacity to have process issue, the objection should be overruled without prejudice to establish there is such a joint creditor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Amended Objection of Florida Machinery is overruled, without prejudice to establish at a final evidentiary hearing the existence of a joint creditor of Debtor and non-debtor with the capacity to have process issue. Said final evidentiary hearing is set for October 30, 1991 at 10:00.

DONE AND ORDERED.