**In the Matter of William J. SNOW, Debtor.**

**WEATHERKING, INC., Plaintiff,**

**v.**

**William J. SNOW and Charles Grant, Trustee, Defendants.**

**Bankruptcy No. 82–314–BK–J–GP. Adv. No. 82–363.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Oct. 17, 1983.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

*Factual Background*

The debtor, WILLIAM J. SNOW, was a principal in American Homes Systems, Inc., a Florida corporation. Debtor and his wife, in connection of the operation of that business personally guaranteed an account with the plaintiff, WEATHERKING, INC. When the debtor's corporation defaulted on its account, the plaintiff sued Mr. and Mrs.

Snow to recover under their personal guarantee. The debtor, WILLIAM J. SNOW, then filed his petition herein for relief under Chapter 7 of the Bankruptcy Code, resulting in a stay of any further action against him in the State Court. Plaintiff proceeded to judgment against the debtor's wife and simultaneously filed its complaint herein to modify the stay to the extent necessary to allow plaintiff to obtain a joint judgment against the debtor and his wife so that plaintiff could thereafter levy upon the assets held by the husband and wife as tenants by the entirety, which property the debtor had exempted in this case pursuant to the provisions of Code § 522(b)(2)(B).

In due course, debtor was granted a discharge, whereupon plaintiff amended its pleadings to seek modification of the discharge injunction itself, rather than a lifting of the stay, so that it could pursue the debtor on the joint property.

### Legal Issues

This case presents two substantive legal issues. First, should the joint creditors of the husband and wife be permitted to pursue their rights against the entity known in Florida as the tenancy by the entirety and to collect from the assets owned by that entity, where only one spouse has filed bankruptcy and those assets have been exempted from the bankruptcy estate. Second, does the Court have the authority to modify the discharge injunction after the discharge is granted to permit such action on behalf of the joint creditor.

### Discussion

■ Plaintiff submits that a joint creditor of a husband and wife is entitled to pursue their joint property, known in Florida as tenancy by the entirety property, even where one spouse files bankruptcy and obtains a discharge from the indebtedness. Plaintiff's theory is that, under the former Bankruptcy Act, such property never became property of the estate and was therefore not subject to administration for the benefit of the creditors. Under the Code, such property does become part of the estate, but may be exempted by the debtor pursuant to Code § 522(b)(2)(B). *In*

*re Lunger* 14 B.R. 6 (Bkrtcy.M.D.Fla.1981). Plaintiff's proposition is supported by a long line of cases beginning with *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903) which is still followed. *Phillips v. Krakower*, 46 F.2d 764 (4th Cir.1931); *Davison v. Virginia National Bank*, 493 F.2d 1220 (4th Cir. 1974); *In Re: William Henry Woolard*, 13 B.R. 105, 7 B.C.D. 1370 (Bkrtcy.E.D.N.C. 1981).

One Court has concluded that it would be "legal fraud" to

"allow the tenants by the entireties to keep the entireties property, secure from the claims of their creditors, even though that property was never available in bankruptcy for the satisfaction of those claims. This is a result that the bankruptcy act certainly did not contemplate." *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962).

■ The Court is persuaded that the relief sought by plaintiff is appropriate in Florida. Those creditors in this case who were creditors solely of the husband-debtor, WILLIAM J. SNOW, have recourse, through the administration of the Bankruptcy Court to all of those assets of the debtor over and above his exemptions under state law (Florida has "opted" out of the Federal exemption pursuant to section 522(b)(1)). Under state law, those creditors had no recourse i.e. could not obtain a judgment lien upon or levy or execute upon the tenancy by the entirety assets. By reason of the exemption available under 522(b)(2)(B), those assets are not administered for the benefit of the creditors of the debtor spouse. However, creditors who have a joint claim against both spouses could, under Florida law, obtain a judgment lien against and levy and execute upon the tenancy by the entirety assets. Upon bankruptcy, the joint creditor loses this vested right on one hand, while on the other hand, the property may be exempted by the debtor spouse and not administered for the benefit of the joint creditors or any other creditor for that matter.

■ Turning to the second issue, the Court itself raised the question of whether

it had the authority to modify the discharge injunction once granted. The debtor urges the Court to find that the discharge becomes final pursuant to Rule 803, Rules of Bankruptcy Procedure unless a timely notice of appeal is filed. However, the unavailability of the notice of appeal and the "finality" of the order of discharge within the context of Rule 803, does not divest the Court of its jurisdiction to continue supervision of the bankruptcy case or to enter such orders as are necessary in the administration of the estate. The issue here is whether the Court's continuing jurisdiction includes the authority to modify, suspend, alter or terminate the discharge and/or the injunction provided by the discharge.

Section 524(a)(2) of the Bankruptcy Code prohibits any creditor of the debtor from seeking to enforce any "personal liability" against the debtor or to attempt to collect such liability against "property of the debtor." In the instant case, plaintiff is not seeking to enforce any personal liability of the debtor, but merely to reduce its claim to a judgment lien against the tenancy by the entirety property. Moreover, it is clear that "property of the debtor, as used in the discharge provision refers to property acquired after commencement of the petition and not to the existing tenancy by the entirety property. See 3 *Collier* ¶ 524.01 at note 20. (15th Ed.1982).

Therefore, plaintiff submits that its pursuit of the tenancy by the entirety property is not barred by the discharge injunction. At least one Court has concurred. *In Re: Trickett* 14 B.R. 85 (Bkrtcy.W.D.Mich. 1981). It has been widely held that the discharge injunction may be modified to permit the creditor to proceed in state court to determine the personal liability of the debtor solely for the purpose of collecting from some collateral source, such as a guarantor, surety or insurance company. See e.g. *Mathews Cadillac, Inc. v. Phoenix of Hartford Insurance Company* 90 Cal. App.3d 393, 153 Cal.Rptr. 267 (4th App. Dist.1979). This Court has recently granted similar relief. *In Re: Poole*, Case no. 81–873 ORL BK–GP (Adv., No. 82–197,

Pawlik v. Poole). In the instant case, the collateral source is, in effect, the tenancy by the entirety. The growing body of case law is to the effect that whatever rights the joint creditors had against that source survive the discharge in bankruptcy. See *In Re: Sillani, Inc.*, 9 B.R. 188 (Bkrtcy.S. D.Fla.1981).

### Conclusions of Law

 The Court finds that plaintiff is entitled to pursue its claim against the debtor in the state court to the extent of obtaining a judgment lien against the tenancy by the entirety property, provided that plaintiff may not obtain a personal judgment against the debtor or a lien against after acquired property of the debtor. The Court finds further that it has the authority to modify the discharge injunction to the extent necessary to afford the relief sought by the plaintiff.

A judgment will be entered accordingly.