**In re Joseph PEPENELLA, d/b/a Sam's Pizza Restaurant, Debtor.**

**Bankruptcy No. 87–809.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 2, 1987.

Eugene L. Beil, Dade City, Fla., for debtor.

Jack H. Weech, Jr., Lakeland, Fla., Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO LISTED EXEMPT PROPERTY UNDER SEC. 522(*l*) OF THE BANKRUPTCY CODE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon an Objection to Listed Exempt Property under § 522(*l*) of the Bankruptcy Code, filed by Jack Weech, the Trustee in the above-captioned Chapter 7 case. Through the Objection, the Trustee challenges the exemptions claimed by Joseph Pepenella (Debtor), the Debtor in this case, and argues that the Debtor has claimed exemptions not provided for by law. The Court has considered the Trustee's Objection together with the record and heard arguments of counsel, and finds as follows:

The Debtor filed his Petition and Schedules on February 17, 1987, and listed as exempt four pieces of real property: two residential lots, a condominium and a commercial lot, all of which are located in Florida. The basis for this claim of exemption is the Debtor's ownership of these properties with his non-debtor spouse as tenants in the entireties. None of these properties were claimed as homestead. It is the Trustee's contention that the Debtor's interest in the four properties may not be claimed as exempt if the only justification for the claim of exemption is that the properties are held in the entireties. In opposition, the Debtor contends that these properties may be claimed as exempt pursuant to § 522(b)(2)(B). § 522(b)(2)(B) provides in pertinent part as follows:

> § 522. Exemptions
>
> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is
>
> (2)(B) any interest in property in which the debtor had, immediately before the commencement of the case an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

It is evident from the outset that the problem with the position urged by the Debtor is that § 522(b)(2)(B) exempts from administration property in which the Debtor has an interest as a tenant by the entireties *only* to the extent that this interest is *exempt from process* (emphasis supplied) under applicable local law. In Florida, a Debtor's exemption rights to real property are based solely on Art. X § 4 of the Florida Constitution as implemented by § 222 of the Florida Statutes. Nowhere in the Constitution or in the Statute is there any provision relating to the creation of an exemption for property held by debtors as tenants in the entireties. However, it is clear that under local law, such properties are immune from a claim of a creditor who has a claim only against one of the tenants not because of any immunity enjoyed by the property owned by the tenants as tenants by the entireties as a result of exemption provisions available in this state, but because of the type of ownership involved which gives each tenant full, individual ownership and control of the entire property. From all this, it follows that property held by tenants by the entirety would be "exempt from process" under local law only if there are no joint creditors, as local law does recognize the right of joint creditors to reach tenancy by the entirety property pursuant to a general lien theory. *See In re Koehler*, 6 B.R. 203 (Bankr.M.D.Fla.

1980); *Stanley v. Powers,* 123 Fla. 359, 166 So. 843 (1936).

Based on the foregoing, as it has not been established that the properties claimed as exempt are immune under local law, this Court is satisfied that the Trustee's Objection is well taken and should be sustained. The Debtor's claim of exemptions as to the four properties, therefore, should be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Listed Exempt Property under § 522(*l*) of the Bankruptcy Code be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor's claim of exemptions as to the four real properties listed on Schedule B–4 by reference to Schedule B–1 be, and the same are hereby, disallowed. It is further

ORDERED, ADJUDGED AND DE-CREED that the above-listed properties shall be subject to administration provided the Trustee is able to show the existence of a creditor who has a valid allowed claim against the Debtor and his non-Debtor spouse and further provided that the Trustee is able to meet the condition precedent for liquidation of property owned by tenants in the entirety when only one of the tenants is a Debtor as required by § 363(h) of the Bankruptcy Code.