In re Joseph **PEPENELLA** a/k/a Sam's Pizza a/k/a Sam's Pizza Restaurant, Debtors.

Joseph **PEPENELLA**, Appellant,

v.

**LIFE INSURANCE COMPANY OF GEORGIA, et al., Appellees.**

Appellate Bankruptcy No. 87–1204–CIV–T–17(C).

United States District Court, M.D. Florida, Tampa Division.

Feb. 5, 1988.

Eugene L. Beil, Hudson, Fla., for appellant.

Victor W. Holcomb, Tampa, Fla., for appellees.

Jack Weech, Trustee, Lakeland, Fla.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from Order On Motion to Withdraw Chapter 7 Petition and Order on Trustee's Objection to Listed Exempt Property under Sec. 522($l$) of the Bankruptcy Code. Appellant's Initial Brief was filed October 14, 1987. No responsive briefs have been filed by Appellees.

The burden is squarely on the appellant to show the appellate court that a finding is clearly erroneous, *Griffin v. Missouri Pac. Ry. Co.*, 413 F.2d 9 (5th Cir.1969), and reversal of a finding is proper only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 [68 S.Ct. 525, 542, 92 L.Ed. 746] (1948); *Inter–Cities Navigation Corp. v. United States*, 608 F.2d 1079, 1082 (5th Cir. 1979). *Matter of Multi-ponics, Inc.*, 622 F.2d 709, at 713 (5th Cir.1980).

Appellant filed a Chapter 7, Voluntary Petition of Bankruptcy on February 17, 1987. A meeting of creditors, pursuant to the Bankruptcy Code, was held March 17,

1987. Subsequently, on April 2, 1987, Appellant filed a motion to withdraw the voluntary petition. Notice was given to creditors of the motion and hearing of June 12, 1987. Appellee Life Insurance of Georgia filed an objection to the motion to voluntarily dismiss. At the hearing of June 12, Judge Paskay denied the motion to voluntarily dismiss; an order to that effect was entered June 19, 1987.

On June 10, 1987, Appellee Jack Weech, Jr., trustee, filed an objection to Appellant's claimed exemptions. A hearing on the objection was held July 30, 1987. On October 2, 1987, Judge Paskay ruled that the objection should be sustained and claimed exemption as properties by the entireties be disallowed on four real properties. 79 B.R. 76.

Appellant presents the following issues on appeal from the orders of the bankruptcy judge:

1. Whether the bankruptcy judge was correct in denying Appellant's motion to withdraw Chapter 7 petition absent proof that objecting creditor would be paid?

2. Whether the bankruptcy judge was correct in ruling that debtors interest in properties held by the entireties with non-debtor spouse is not exempt under 11 U.S.C. § 522(b)(2)(B)?

The Court will address the second issue in the first instance, as it is the Court's determination that that issue is dispositive of this case. The Bankruptcy Judge, in the order of October 2, 1987, found that the four pieces of real property, held as tenants by the entireties and claimed as exempt from the estate, were not exempt properties. The judge found the property held by tenants by the entirety would be exempt from process under local law, pursuant to 11 U.S.C. § 522, "only if there are not joint creditors, as local law does recognize the right of joint creditors to reach tenancy by the entirety property pursuant to a general lien theory."

Exemptions of property from the estate may be taken by a debtor electing state exemptions and provided in 11 U.S.C. § 522(b)(2)(B):

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

■ Appellant asserts that the objection to the claimed exemptions should have been denied as untimely since they were filed more than thirty days after the 11 U.S.C. § 341 creditors' meeting. The bankruptcy petition asserting the exemption of the properties by the entirety was filed February 17, 1987. The § 341 meeting of creditors was held March 17, 1987, and the objection to the claimed exemptions was filed June 10, 1987. Clearly the objection was filed more than thirty days from the date of the creditors meeting. However, the issue was not raised by the debtor at the hearing before Judge Paskay on the issue. Therefore, the Court finds the defense to the objections to have been waived by Appellant.

■ The Court must then address the issue of whether or not the property held by tenants by the entireties is entitled to exemption from the estate and if not exempt from the estate are they exempt for sole creditors but applicable to payment of joint creditors. It is clear that under Florida law property held by tenants by the entireties is exempt from process of the single creditor of one of the tenants. *In re Penrod*, 30 B.R. 326 (Bkrtcy.S.D.Fla.1983). However, a joint creditor of both tenants may attach the entireties property. Relying on *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), the bankruptcy judge found that if there is one joint creditor who can attach the property, the property would not be exempt from the estate and could be reached by joint and sole creditors. (Transcript of 7–30–87 hearing, page 8). *Moore* stated that what is recovered "for the benefit of the estate is to be distributed in 'dividends of an equal percentum on all allowed claims, except such as have priority or are secured.'" *Id.*, at 5, 52 S.Ct. at 4.

**302**

Although there is a split between courts as to whether the presence of a joint creditor eliminates the exemption entirely, the Court finds the most appropriate rule, and seemingly the majority rule, to be that the equity in the property may be used to satisfy the joint creditors, but the remainder of the equity is exempt as to the sole creditors of one of the tenants. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985); *In re Blum*, 39 B.R. 897, 899 (Bkrtcy.S.D. Fla.1984). The Court concludes that the bankruptcy judge erred in finding that the equity in the property held by tenants by the entireties could be used to satisfy creditors of Appellant only. The debtor does not lose all benefit of exemption under 11 U.S.C. § 522(b)(2)(B) when joint creditors are present; he loses the exemption as to the extent of the joint creditors and their claims. *Sumy*, at 932.

Having found that a sole creditor can not benefit from the equity in the properties held by tenancy by the entireties, the Court finds persuasive Appellant's arguments as to Issue I on appeal. The granting of a motion to dismiss a voluntary petition is appropriate unless there is plain legal prejudice to the creditor. *In re International Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir.1975). The objecting creditor, being a sole creditor, has no interest in the property held by tenancy by the entireties. Thus, the creditor is in the same position as to the properties of the estate where the bankruptcy is dismissed or not.

This Court, having carefully considered the two issues on appeal, finds that Appellant has established that the bankruptcy judge erred in denying dismissal of the petition and in finding the sole creditors could share in the equity of the properties held by tenants by the entireties. The Court concludes that the Bankruptcy Court's orders of October 2, 1987 and June 19, 1987, should be reversed. Accordingly, this Court reverses those Orders and remands this case to the Bankruptcy Court for further proceedings consistent with this order.

ORDERED that the Final Judgment be, and the same is hereby reversed. The Clerk of this Court is directed to enter judgment in accordance with this Order.

DONE and ORDERED.