**In re Mario AMICI, Debtor.**

**Bankruptcy No. 88–6465–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 25, 1989.

Francis H. Cobb, Tampa, Fla., for debtor.

James Jessell, Fort Myers, Fla., trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is an Objection to Debtor's claim of exemptions filed by James R. Jessell, the Trustee of the estate. The Trustee contends that certain personal properties are part of the estate and that the Debtor's interest in these properties is subject to liquidation by the Trustee pursuant to § 363(h) of the Bankruptcy Code. The properties which are claimed as exempt by the Debtor are the following: one-quarter vacant lot, South River Road, North Fort Myers, Florida, with a value of $10,020.00; a condominium unit, No. 124 El Rio Condominiums, North Fort Myers, Florida, with a value of $38,-000.00; and a condominium unit No. 216 El Rio Condominiums, North Fort Myers, Florida, with a value of $38,000.00. It is conceded that none of the real properties qualify for exemption as homestead. In addition, the Debtor also claimed as exempt personal property valued at $19,452.20.

It is the Debtor's contention that all these assets are owned by him jointly with his non-debtor spouse, held by them as tenants by the entireties and, therefore, they are exempt and are not subject to liquidation by the Trustee.

In opposing this contention it is the Trustee's position that the properties in question are subject to liquidation because there are creditors who hold valid claims against both the Debtor and against his non-debtor spouse and for this reason the Trustee should be entitled to liquidate the properties pursuant to § 363(h).

The Debtor's claim to exemption of the properties set forth in Schedule B–4 is based on 11 U.S.C. § 522(b)(2)(B). This Section provides, inter alia, that any interest in property which is held by the Debtor together with a non-debtor spouse as a tenant by the entirety or as a joint tenant, immediately before the commencement of the case, is exempt from process under applicable non-bankruptcy law.

It is without serious dispute that by virtue of the opt-out provision of the Code, 11 U.S.C. § 522(b) a Debtor may not utilize federal exemptions if the State of his residence opted out. Florida did, joined by the majority of States, opt out shortly after the enactment of the Code. F.S. § 222.20 (1979). Thus the right of exemption must be determined solely with reference to the exemptions available to the citizens of Florida.

The exemptions in the State of Florida are dealt with by the Constitution and by Statute. Article X, § 4 of the Florida Constitution exempts property which qualifies to be a homestead of a claimant and Fla. Stat. § 222.20, et seq., deals with exemptions relating to certain specific categories of personal property. Nowhere in the Constitution of this State or in any Statute is there any reference to any exemption based on tenancy by the entireties. Since the sole source of exemptions in this State is the Constitution and Florida Statutes, no claim of exemption can be sustained by individual Debtors in this State, unless this court is willing to accept the proposition that Debtors in this State are also entitled to the benefits of the so-called federal exemptions of Section 522(b)(2)(B). This court finds this proposition inconsistent with the legislative history of the entire Section 522, especially with the opt-out provision of § 522(b)(2)(B) which clearly intended to limit the Debtor's exemption to those available under local law of the Debtor's domicile if the State of the Debtor elected to opt out.

Under the Bankruptcy Act of 1898, a property owned by a Debtor, together with a non-debtor spouse as tenant by the entireties, was not even property of the estate by virtue of § 70(a)(5) of the Act simply because the property did not meet the test of transferability and leviability. The Code in Section 541 radically changed the concept of property of the estate. It is now clear that property in which a Debtor

has any cognizable legal equitable ownership interest on the date of the commencement of the case is by virtue of § 541(a), property of the estate. Thus properties which are claimed as exempt are also properties of the estate whether or not they meet the test of the former Bankruptcy Act set forth in § 70(a)(5).

This proposition is, of course, especially recognized by § 363(h) of the Bankruptcy Code. This Section authorizes the trustee to sell both the estate's interest and the interest of a non-debtor co-owner in property an undivided interest as a tenant by the entireties in which the Debtor had, at the time of the commencement of the case provided it meets the conditions set forth in § 363(h), sub-clauses (1–4). To accept the position urged by the Debtor would, of course, render § 363(h) meaningless and would not be consistent with the expanded definition of "property of the estate" of the Code.

It is equally true, however, that property held by husband and wife as tenants by the entireties has always been recognized to be immune from creditor's claims in general and the right to seek satisfaction of a claim by reaching such property was limited to creditors who held a valid and enforceable claim against both tenants, i.e., the husband and the wife.

This Court is satisfied that notwithstanding the use of the term "exempt from process" Section 522(b)(2)(B) is not a source of an additional exemption right created by the Code but merely a recognition by the Code of the immunity of the property held by a Debtor together with a non-debtor spouse as tenants by the entireties to the extent the property is immune from process under applicable local law. *Stanley v. Powers*, 123 Fla. 359, 166 So. 843 (1936).

This Court had an occasion to consider the very same issue involved in *Matter of Koehler*, 6 B.R. 203 (1980) where this court disallowed a similar claim of exemption. Just as the Debtors in *Koehler*, this Debtor also urges that § 522(b)(2)(B) creates an additional federal exemption available in this State authorizing him to claim the property involved as exempt.

This Court is not unmindful of the decision of the United States District Court in *In re Pepenella*, 87–1204–CIV–T–17(C), which involved a challenge to the Debtor's right to exemptions in connection with the Debtor's right to voluntarily dismiss his Chapter 7 case. Relying on the case of *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985) the District Court concluded that the Debtor does not lose the benefit of the exemption under 11 U.S.C. § 522(b)(2)(B) when joint creditors are present, but rather, that he loses the exemption only vis-a-vis joint creditors.

The difficulty with this conclusion is evident for the following reasons: If the properties involved in this controversy are not subject to liquidation by the trustee, a joint creditor would be stymied to enforce a claim against the properties which they could have done if no bankruptcy was involved. On the other hand, if a trustee is permitted to liquidate the properties in question as contemplated by § 363(h), under *Sumy* there would be a sub-class of creditors, i.e. joint creditors of the Debtor and the non-debtor spouse who would be the only ones entitled to the proceeds of the sale of these properties. The solution is, of course, totally contrary and is in violation of the scheme of distribution provided by § 726 of the Bankruptcy Code. This is so because the remaining unsecured creditors who do not have a claim against both the Debtor and the non-debtor spouse would not receive a treatment equal to the joint creditors even though legally they are holding claims of equal rank. This proposition is also contrary to the holding of the Supreme Court in the case of *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931) which is now codified by § 544(b) of the Bankruptcy Code. In *Moore v. Bay* the Supreme Court held that the right of a Trustee to void a chattel mortgage on the basis that it was not perfected under local law, was void not only to creditors who on the date of the execution of the mortgage were creditors, but also void to creditors who became creditors after the execution of the mortgage who ordinarily could not

have attacked the chattel mortgage under local law.

Based on the foregoing, this Court is satisfied that 11 U.S.C. § 522(b)(2)(B) is nothing more than recognition by Congress that if the property is owned by a Debtor together with a non-debtor spouse, the immunity created by local law will be enforced if they are not joint creditors, but does not create an absolute exemption from liquidation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the objection to the Debtor's claim of exemptions be, and the same is hereby, sustained and the claim of exemptions is disallowed with the provision that the trustee shall not be permitted to liquidate the assets in question unless he follows the procedure set forth in § 363(h) of the Code, and, of course, provided that there are joint creditors who, under local applicable law, could have reached the properties which are claimed as exempt by the Debtor.

DONE AND ORDERED.