In re Alan R. HIMMELSTEIN, Debtor.

Charles W. GRANT, Trustee, Plaintiff,

v.

Steffi B. HIMMELSTEIN, Defendant.

Bankruptcy No. 95–1982–BKC–3F7.
Adv. No. 96–0070.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 23, 1996.

Ronald Bergwerk, Jacksonville, Florida, for Plaintiff.

Edward P. Jackson, Jacksonville, Florida, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on a Complaint filed by the Trustee, Charles W. Grant ("Plaintiff"), to sell property of a co-owner pursuant to 11 U.S.C. § 363(h) (Doc. 1) and an Objection to Debtor's Claim of Exemptions filed by the Trustee. The Defendant filed an answer (Doc. 7). A trial was held on September 12, 1996. (Doc. 15). Upon the evidence received at trial and the arguments presented, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On April 28, 1995, Alan R. Himmelstein ("Debtor") filed a voluntary Chapter 7 bankruptcy petition. Charles W. Grant ("Plaintiff") was appointed trustee of the Debtor's estate. On May 15, 1995, Dr. Andrew Brown filed an unsecured, non-priority claim for $43,458.00. (Plaintiff's Ex. 1). The basis for the claim is a promissory note executed on November 19, 1993 and signed by the Debtor and Steffi Himmelstein ("Defendant"), the Debtor's wife, to finance improvements to commercial property which is now owned by Dr. Brown. (Pre–Trial Stipulation, Doc. 11). Dr. Brown testified that he has not sued the Himmelsteins on the note, nor has judgment been entered against the Defendant or the Debtor on their liability on the note. The Court entered a discharge of the Debtor on August 9, 1995.

The Debtor and the Defendant own ten (10) shares, which equate to about twenty percent (20%) of the total outstanding stock, in the Denali Land Corporation, a Florida limited liability company, as tenants by the entirety. (Pre–Trial Stipulation). Land located in Jacksonville, Florida was the only asset held by the Denali Land Corporation. (Pre–Trial Stipulation). The land having been sold prior to trial and the assets distributed to the stock holders, approximately $65,000 to $70,000 remain in trust which represent the Debtor's and Defendant's stock in the company. On his schedules, the Debtor listed the value of the shares in Denali Land

Corporation as being $1,000.00. (Schedule B).

Plaintiff filed this adversary on March 7, 1996, as an action to sell property of a co-owner. (Complaint at ¶ 1). The Plaintiff alleges that the Debtor's interest in the ten shares of Denali Land Corporation stock are property of the estate. (Complaint at ¶ 5). Plaintiff also asserts that Andrew Brown is a joint creditor of the Debtor and Defendant. (Complaint at ¶ 7). Plaintiff further alleges that as trustee of the Debtor's estate, he can administer and sell, pursuant to 11 U.S.C. § 363(h), both the Debtor's and Defendant's interests in the Denali Land Corporation stock which they hold as tenants by the entirety. (Complaint at ¶ 8). Plaintiff seeks to administer the jointly held property for the benefit of the joint creditor, Dr. Brown. (Pre–Trial Stipulation at 2).

Defendant denies that the stock in the Denali Land Corporation, being held as tenants by the entirety, is property of the estate and is subject to administration by the Plaintiff. (Answer at ¶ 2). The Defendant further disputes her liability on the note, alleging that she should not have been required to co-sign under the Equal Credit Opportunity Act. (Pre–Trial Stipulation). Furthermore, Defendant disputes the amount due under the note. (Pre–Trial Stipulation).

### CONCLUSIONS OF LAW

This Court is faced with the oft embattled issue of how to reconcile the principles of tenants by the entirety with section 363(h) and (j) of the Bankruptcy Code when a non-filing spouse is present. Many courts have faced this issue and the multitude of conceptual difficulties that arise with it. As stated in *In re Ginn*, 186 B.R. 898, 903 (Bankr. D.Md.1995), unable to "reconcile the legal fiction of tenancy by the entirety with § 363(j)," the court concluded that "[e]ntireties property cannot theoretically be divided in accordance with § 363(j). It is not the court's role, however, to redraft legislation." This Court agrees that its function is not to rewrite legislation. However, it is this Court's job to interpret the law and apply it in a coherent and logically analytical manner. The Court's holding in this Proceeding comes

after a long-entrenched battle with legislative history, case precedent, and the literal words of the Code itself. The Court believes that its holding conforms to the logical application of the Code and embodies the spirit of protecting the honest, but unfortunate debtor and the diligent creditor.

Upon the filing of a bankruptcy petition, a bankruptcy estate is created. 11 U.S.C. § 541(a) (1996). The estate is composed of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1996). Certain interests, however, are exempted from the estate. 11 U.S.C. § 522 (1996). Section 522(b) delineates two groups of exemptions that a debtor may utilize—federal law exemptions under § 522(d) or state law and nonbankruptcy federal law exemptions. 11 U.S.C. § 522(b) (1996).

Florida only recognizes the state law exemptions and nonbankruptcy federal law exemptions. Fla.Stat.Ann. § 222.20 (1995). Section 522(b)(2)(B) of Title 11 provides that a debtor who uses the exemptions of state and nonbankruptcy federal law can also exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable non-bankruptcy law." 11 U.S.C. § 522(b)(2)(B) (1996). For property that becomes part of the estate under § 541 and is not exempted under § 522(b)(2)(B), the trustee may sell such property pursuant to 11 U.S.C. § 363(h).

Analyzing the issues that property held as tenants by the entireties introduces, the Court first looks to see whether the property is part of the estate under § 541. Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1996). The Code does not define equitable interest, but property of the estate is meant to be interpreted broadly, which would include interests in property

held by tenants by the entireties.[1] Furthermore, where the Code does not explicitly define equitable interest, the issue can be resolved by referencing applicable nonbankruptcy law. *See In re Crum,* 6 B.R. 138, 141 (Bankr.M.D.Fla.1980) (citing to Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc. 93–137, 93rd Cong. 1st Sess. Pt. I at 194 (1973) and stating that "whether a tenancy by the entirety interest as defined by Florida law is a legal or equitable interest of the debtor under § 541(a) is also a federal question. However, in the absence of a federal law of property, the existence and nature of the debtor's interest in tenancy by the entireties property is determined by non-bankruptcy law.") Under Florida law, an interest in a property held as tenants by the entireties is a legal or equitable interest as required by 11 U.S.C. § 541. *See Kosto v. Lausch, (In re Lausch),* 16 B.R. 162, 165 (M.D.Fla.1981) (holding that a debtor's interest in property held as tenants by the entireties "is includable in the debtor's estate where the debtor and his wife have a common creditor who has a judgment on the property.").

Next, the issue becomes whether the property is exempt under § 522(b)(2)(B). Section 522(b)(2)(B) requires a court to ascertain whether the property would be "exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B) (1996). A court must then address the appropriate state law to determine whether the property is exempt.

The Proceeding before the Court involves property rights in Florida. Therefore, the question to be analyzed under Florida law is what are the rights of a marital couple who own property as tenants by the entirety, with the existence of a joint creditor who does not have an actual judgment against the couple. First, under Florida law, the concept of holding property as tenants by the entirety originated from the common law. 12 FLA.JUR.2D § 10. Tenancy by the entireties is an estate that can only exist between a husband and wife where both spouses own and control the whole estate. *Id.* The estate treats a marital couple as one in the eyes of the law. *Strauss v. Strauss,* 148 Fla. 23, 25, 3 So.2d 727, 728 (1941). To create a tenancy by the entireties, Florida law requires five unities to exist—(1) time—both spouses receive title in the same conveyance; (2) title—both spouses hold title to the property; (3) possession—both have equal right to use and to possess the entire property; (4) marriage—the parties must be married to one another; and (5) interest—both must have an equal interest in the whole of the property. *United States v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Avenue, Miami, Florida,* 894 F.2d 1511, 1514 (11th Cir.1990) (citations omitted). Addressing tenancy by the entireties in Florida, the Eleventh Circuit has held that "[a]s long as all the unities remain intact ... each spouse's interest comprises the whole or entirety of the property and not a divisible part; the estate is inseverable." *Id.* at 1514 (citations omitted).[2]

---

1. The Court comes to this conclusion based upon Congressional intent. *See,* H.R.Rep. No. 595, 95th Cong., 1st Sess.1977, reprinted in 1978 U.S.C.C.A.N. 5963. It was Congress' intent that § 541 include the debtor's interest in entireties property as part of the estate and that the trustee be empowered to sell such property pursuant to § 363(h), stating "[t]he Bill also changes the rules with respect to marital interests in property. Interests in the nature of dower and curtesy will not prevent the property involved from becoming property of the estate, nor will it prevent sale of the property by the Trustee. With respect to other co-ownership interest[s], such as tenancies by the entirety, ... the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to

sell it without obtaining the consent or a waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State Law." *Id.*

2. The Eleventh Circuit also stated that "[b]ecause we see no way for the government to obtain a meaningful share in an entireties property without forfeiting some part of the innocent spouse's interest, as long as the spouses remain married to each other and do nothing to terminate the entireties estate, we hold that none of the property can be forfeited to the United States." *Id.* at 1512. The Court finds that because this case dealt with criminal forfeiture and the innocent spouse doctrine the same result would not be true when analyzed under the Bankruptcy Code. However, the analysis of tenancy by the entireties under Florida common law is insightful.

■ Focusing on the law from this perspective, it would appear that a debtor would not have an "interest" in entireties property that could become property of the estate. Under Florida law, it is clear that "entireties properties are immune from the claims of creditors who have claims against only one of the tenants." *In re Boyd,* 121 B.R. 622, 624 (Bankr.N.D.Fla.1989). Therefore, property held as tenants by the entirety would be exempt if no joint creditors of the marital couple existed. *Id.* However, in Florida, nonbankruptcy law allows for a joint creditor to attach property held as tenancy by the entireties. *See, Stanley v. Powers,* 123 Fla. 359, 366, 166 So. 843, 846 (1936) (holding "[a] judgment against both husband and wife is a general lien on the interest of both in property held by them as tenants by the entireties and the property may be sold under execution issued on the judgment."); *In re Cochrane,* 178 B.R. 1011, 1020 (Bankr.D.Minn. 1995) (analyzing tenancy by the entireties in Florida, the court held "[i]n the context of debtor-creditor relations, the consequence of this precept is that property held in a tenancy by the entireties may not be reached by creditors whose claims run against only one of the individuals in the marriage.... The nature of the tenancy does not shield the asset against the claims of creditors to whom both spouses are jointly liable, however."). This Court is bound by the property law of Florida, as the Supreme Court stated in *Butner v. United States,* "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (specific holding superseded by Bankruptcy Code; *See, American Bankers Insurance Co. of Florida v. Maness, et al.,* 101 F.3d 358, 363 (4th Cir.1996)) (stating that "[a]lthough the Bankruptcy Code superseded the specific holding of *Butner,* the Supreme Court has subsequently reiterated the *Butner* approach."). Therefore, because Florida law allows for a joint creditor holding a judgment to pursue entireties property, the Code will not shield the debtor who wishes to claim an exemption for such property. Therefore, under § 522(b)(2)(B) such properties are not exempt from process under state law and become property of the estate.

■ Once it is determined that the debtor's interest in the entireties property is part of the estate, the question becomes what powers does the trustee have in relation to the entireties property. First, under the Code, the trustee is given the powers of a creditor who holds a judgment at the time of the filing of the petition. 11 U.S.C. § 544(b). This proposition becomes very relevant to the factual situation at bar. The Court finds that because only a joint judgment creditor can pursue property held as tenants by the entirety under Florida law, the trustee is only empowered to the same extent.[3] Therefore, the trustee's powers under 11 U.S.C. § 363 come to fruition when and only when he can stand in the shoes of a creditor who holds a joint in personam judgment against both spouses.

■ Although the Court finds that an actual in personam judgment is a prerequisite for a trustee's power to sell under § 363(h), the Court finds that the Code provides other protections to diligent joint creditors. The Court's holding in this Proceeding does not cut off the rights due a diligent creditor. The creditor still has the right to file its claim. The creditor still has the rights afforded to it under 11 U.S.C. § 341,

---

**3.** Specifically addressing the issue of whether an actual judgment is required before a joint creditor can seek the proceeds of property held as tenants by the entirety, the bankruptcy court for the Southern District of Florida in *In re Planas,* 199 B.R. 211, 217 (Bankr.S.D.Fla.1996), held that "it is not necessary that the joint creditor have a writ of execution or a final judgment, or even a default on the debt. It is only necessary that the creditor be entitled to levy as one of the package of rights which belong to the joint credi-

tor." The court came to this conclusion from an interpretation of 11 U.S.C. § 363(h), 11 U.S.C. § 522(b)(2)(B), and Judge Baynes' opinion in *In re Anderson,* 132 B.R. 657 (Bankr.M.D.Fla.1991). *See, In re Anderson,* 132 B.R. 657, 660 (Bankr. M.D.Fla.1991) (holding that a joint creditor "must have the capacity to have process issue under state law"). This Court would argue that an actual judgment is necessary in order to be eligible for distribution pursuant to 11 U.S.C. § 363(h).

to examine the debtor. It is granted further protection with the availability of 2004 examinations. It always has the right to inform the trustee of any incongruities in the debtor's schedules. As a secured creditor, it still has rights to adequate protection under 11 U.S.C. § 362(d) and filing for relief from stay under § 362(d). None of these rights are abrogated by the holding in this Proceeding.

Furthermore, as in this Proceeding, even if a court has already granted the debtor's discharge, a diligent creditor still has rights under the Code. This identical issue of a discharged debtor who held property as a tenant by the entirety was addressed in *In re Snow*, 38 B.R. 19 (Bankr.M.D.Fla.1983). In that case, the court noted that "[i]t has been widely held that the discharge injunction may be modified to permit the creditor to proceed in state court to determine the personal liability of the debtor solely for the purpose of collecting from some collateral source, such as a guarantor, surety, or insurance company." *Id.* at 21 (citations omitted). The court found that the collateral source in this instance would be the entireties property held pre-petition and that the court had the power to modify the discharge injunction. *Id.* This Court equally has the power to modify the discharge injunction to permit Dr. Brown to seek a judgment in state court.

 As the dense list of creditor protections demonstrates, it was Congress' in-

tent to protect the diligent creditor. However, the Court does not believe that it was Congress' intent for any creditor to seek "special treatment" that it would not have outside the bankruptcy context, which is exactly what the Trustee seeks to do in this Proceeding.[4] Therefore, this Court holds that the subject property is exempt and that pursuant to 11 U.S.C. § 363(h), the Trustee does not have the power to sell either the Debtor's or the Defendant's interest in the Denali Land Corporation stock as no joint creditor exists who has an in personam judgment against both the Debtor and the Defendant.

If, however, a joint judgment holder exists, the trustee is empowered under the Code to liquidate the property under 11 U.S.C. § 363(h).[5] Although this Court believes that a better rationalized conclusion would exempt entireties property from ever being subject to division and that such a conclusion is more in the spirit of the theory behind tenants by the entireties, the Court finds that Congress' intent in enacting § 363(h) demonstrates that such property must be able to come in under certain circumstances. As a sister court has found, "to accept the position ... [that the entireties property is exempt] would, of course, render § 363(h) meaningless and would not be consistent with the expanded definition of 'property of the estate' of the Code." *In re Amici*, 99 B.R. 100, 102 (Bankr.M.D.Fla.1989).[6]

---

**4.** A sub-issue that is not presently before this Court concerns the division of the cost of administration of such an action. The Trustee seeks the added protection of securing payment for only a joint creditor and attacks property held as tenants by the entirety. This whole concept put forth by the Trustee flies in the face of the majority of the goals of the bankruptcy laws. First, such a result would destroy the goal of equal treatment of creditors under 11 U.S.C. § 726. By seeking to liquidate and to sell such property, the trustee must file an adversary, as was done in this Proceeding. FED.R.BANKR.P. 7001(3). The trustee must hire, at the expense of the entire estate (and of all of the creditors' share of the estate), an attorney. However, if successful in this endeavor, the trustee will only benefit the joint creditors at the expense of all the others. The Court does not believe that this result was envisioned by the drafters of the Code.

**5.** Section 363(h) provides that

the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and

the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and ...

11 U.S.C. § 363(h) (1996).

**6.** Other than the situation involving the trustee's sale of the entireties property for the benefit of a joint judgment creditor, the Court envisions that Congress intended for § 363(h) to be utilized in situations where both spouses file a joint petition in bankruptcy. The Court finds that if a married

The next hurdle is where to go from here. Once a trustee sells the property, the distribution should follow 11 U.S.C. § 363(j). However, Section 726 provides the distribution scheme for property of the estate. 11 U.S.C. § 726 (1996). In *Moore v. Bay,* the United States Supreme Court held that the property recovered by a trustee, like any other asset of the estate, is to be distributed pro rata to all creditors under the bankruptcy distribution scheme. 284 U.S. 4, 5, 52 S.Ct. 3, 4, 76 L.Ed. 133 (1931) (excepting from this inclusive statement priority and secured claims).

Several courts have held that based on an analogy of the *Moore v. Bay* holding, the trustee may take a small joint debt as a means to overturn the entireties immunity for the benefit of all creditors. *In re Planas,* 199 B.R. 211, 217 (Bankr.S.D.Fla.1996); *In re Cochrane,* 178 B.R. 1011, 1020 n. 15 (Bankr.D.Minn.1995) (holding that "[o]ne of the major goals of bankruptcy is to promote an orderly, ratable, and prioritized distribution of non-exempt assets" and "[t]he whole scheme of the Code is designed to relegate such creditors to a parity with others who had the same original bargain with the debtor as to their secured status."); *In re Anderson,* 132 B.R. 657, 660 (Bankr.M.D.Fla. 1991) (Baynes) (holding that "a Section 363(h) sale causes the property held in tenancy by the entirety to lose that status, both for the debtor and non-debtor, and the property is then held in tenancy in common ... the proceeds from the sale ... should be available to all unsecured creditors of the estate."); *In re Amici,* 99 B.R. 100, 102–03 (Bankr.M.D.Fla.1989) (Paskay) (interpreting § 726 and the *Moore v. Bay* holding to require equal treatment of creditors). In *In re Planas,* the bankruptcy court summarized the problem stating "if an individual creditor

couple file a joint petition in bankruptcy, the entireties property comes into the estate and could be sold by the trustee under 11 U.S.C. § 363(h). Because the entireties property can only be destroyed by an action by both the husband and the wife acting jointly, by filing a joint petition, they, in essence, "convey" the property to the trustee, which destroys the unities and makes it held as tenants in common and subject to division and sale by the trustee under § 363(h). The Court also believes that once destroyed, it would go to all creditors on an equal

is allowed to benefit from the entireties property now within the estate, that creditor is in a better position with respect to the debtor than he would be provided under state substantive law. Likewise, if an individual creditor is not allowed this extra benefit, this would violate an aim of the Bankruptcy Code—to equalize distribution among creditors." 199 B.R. at 216. Ultimately, the court concluded that once the property is received into the estate it is for the benefit of all creditors. *Id.* at 217.

Other courts hold that the equity in the property may be used to satisfy the joint creditors, but the remainder of the equity is exempt as to the sole creditors of one of the tenants. *Sumy v. Schlossberg,* 777 F.2d 921, 928 (4th Cir.1985) (holding that the trustee may administer entireties property only for the benefit of the joint creditors, reasoning that "[a] debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims."); *Pepenella v. Life Insurance Company of Georgia (In re Pepenella),* 103 B.R. 299, 302 (M.D.Fla.1988) (Kovachevich) (finding the majority rule to be "that the equity in the property may be used to satisfy the joint creditors, but the remainder of the equity is exempt as to the sole creditors of one of the tenants.").

In the situation where only one spouse files, the Court finds that the better reasoned approach allows for the joint creditors alone to seek distribution of the jointly held assets.[7] As a sister court pointed out, to allow all creditors to share in the distribution "catapults a procedural vehicle in 11 U.S.C. § 363(h) that is designed to allow a trustee to realize upon the value of a joint property interest, into a substantive right

basis and would not run the risk of violating 11 U.S.C. § 726. Therefore, under § 522(b)(2)(B), such properties are not exempt from process under state law and become property of the estate.

7. As explained above, the converse is true in situations involving a married couple who file a joint petition. In that instance, the entireties is destroyed and the property is distributed to all creditors.

that would give creditors of only one spouse a right against entireties property that did not exist outside bankruptcy." *In re Ginn*, 186 B.R. 898, 902 (Bankr.D.Md.1995). And although no statutory authority exists to distinguish between joint and non-joint creditors, the result is the only equitable result that can be achieved in this situation. To allow otherwise would give creditors of the debtor spouse an advantage that they could not enjoy outside of bankruptcy.[8] Furthermore, this conclusion is in line with Florida property law, which allows only joint creditors to seek distribution from the sale of jointly held property.[9]

Reaching the conclusion that only the joint creditors can seek distribution under 11 U.S.C. § 363(h), a court still must determine what is to be divided and what are the perspective interests of the debtor and the non-filing spouse. Section 363(j) controls the distribution of assets sold pursuant to 11 U.S.C. § 363(h). Section 363(j) requires the trustee to

> distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

11 U.S.C. § 363(j) (1996). Courts have battled the question of what is the interest of each spouse, and most have concluded that the debtor's interest is one-half of the property. *See, Finneran v. Associates Financial Services, (In re Blair)*, 151 B.R. 849, 852 (Bankr.S.D.Ohio 1992); *In re Ginn*, 186 B.R. 898, 903 (Bankr.D.Md.1995).

Such a result seems to fly in the face of all logic concerning tenants by the entireties law. Courts have explained their reasoning in various ways. In *Finneran v. Associates Financial Services, (In re Blair)*, the bankruptcy court addressed a factually similar case. 151 B.R. 849 (Bankr.S.D.Ohio 1992). After a thorough analysis of the case law, the court came to the conclusion that "[t]he Trustee, in accord with a majority of cases, has determined the Defendant's (the Debtor's) interest to be one-half the total equity." *Id.* at 852. The court looked at numerous cases from various jurisdictions to reach this conclusion. For example, to justify the position of a one-half division, the court in *In re Dionne*, 40 B.R. 137, 139 (Bankr.D.R.I.1984), posed the hypothetical question "[i]f all of the equity in the entireties property were allocated to the debtor's interest, and if his spouse filed a Chapter 7 petition the next day, would another 100% of the equity then be allocated to the wife?" Also quoted was *In re Ignasiak*, 22 B.R. 828, 830 (Bankr.E.D.Mich.1982), which stated that "filing of a petition for bankruptcy does not generally act to sever an estate by the entirety.... However, ... where an estate by the entirety is severed each spouse is deemed entitled to an undivided one-half interest in the equity of the property." This Court does not find that an interest in tenancy by the entireties is equivalent to one half of the equity in the property, but rather finds that the tenant's interest comprises an inseverable interest in the whole. Therefore, if a joint judgment creditor exists, all of the equity in the entireties property comes into the estate and is distributed to all joint judgment creditors and the remaining equity is exempt.

Therefore, in this Proceeding, it appears that the property, the stock held in Denali Land Corporation, is held as tenants by the entirety. Next, it appears through the testimony of Dr. Brown that he is the joint creditor of both the Debtor and the Defendant on the promissory note signed by the two of them. The Debtor's Discharge was entered on August 9, 1995. Dr. Brown does

---

8. Furthermore, this Court believes that if all creditors could receive distribution from the entireties property, such a result might lead to creditors who only hold claims against the debtor, placing the debtor into involuntary bankruptcy merely upon the knowledge that joint debts exist in order to receive distribution to which they would have no rights to outside of the bankruptcy context.

9. Furthermore, this Court would add that before entireties property would be distributed to joint judgment creditors, the trustee would have to give the joint creditors their pro rata share of the non-entireties estate.

not hold a judgment against either the Debtor or the Defendant.[10] Therefore, because no creditor exists in this Case who holds a joint in personam judgment against both the Debtor and the Defendant, the property is exempt and the Trustee does not have the power under 11 U.S.C. § 363(h) to sell the jointly held property. In conclusion, with case precedent and the Code as the Court's guide, the Court feels that it has reached the only conceivable result. Separate Judgments will be entered in accordance with the foregoing as to the Trustee's power to sell pursuant to § 363(h) and the Trustee's Objection to Debtor's exemption of the entireties property.

## JUDGMENT

This Proceeding is before the Court on a Complaint filed by the Trustee, Charles W. Grant ("Plaintiff") to sell property of a co-owner pursuant to 11 U.S.C. § 363(h) (Doc. 1) and an Objection to Debtor's Claim of Exemptions filed by the Trustee. The Defendant filed an answer (Doc. 7). A trial was held on September 12, 1996. (Doc. 15). Based upon the Findings of Fact and Conclusions of Law separately entered, it is

**ADJUDGED:**

The Plaintiff/Trustee does not have the power under 11 U.S.C. § 363(h) to sell the Defendant's or Debtor's interest in the stock held in the Denali Land Corporation.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM CONCERNING TEN SHARES OF DENALI LAND CORPORATION STOCK

This Proceeding is before the Court on a Complaint filed by the Trustee, Charles W. Grant ("Plaintiff"), to sell property of a co-owner pursuant to 11 U.S.C. § 363(h) (Doc. 1), and an Objection to Debtor's Claim of Exemptions. A trial was held on September 12, 1996. (Doc. 15). Based upon the Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

10. Addressing Defendant's arguments in the Pre-Trial Stipulation concerning the Equal Credit Opportunity Act and the amount of the debt, the Court, finding that Dr. Brown is not a party to

1. The Trustee's Objection to Debtor's Claim of Exemption in the stock held in the Denali Land Corporation is overruled, and the property is exempt.

2. As the Objection pertains to other claims of exemption, the Court defers ruling on the objection until a hearing is set by the Trustee.

this action, that no judgment has been entered on the debt and that the entireties property is exempt and not subject to sale, believes that these issues are not before it at this time.