**In re Vicar Reynolds DAUGHTRY, Debtor.**

**Bankruptcy No. 97–03161–6J7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Nov. 13, 1997.

Thomas C. Nolan, Orlando, FL, for Debtor.

Robert E. Thomas, Maitland, FL, Trustee.

John H. Meininger, III, Orlando, FL, for Trustee.

*FINDINGS OF FACT AND CONCLU-
SIONS OF LAW ON UNITED
STATES TRUSTEE'S OBJECTION TO
THE TRUSTEE'S SALE OF PROPER-
TY*

KAREN S. JENNEMANN, Bankruptcy
Judge.

This case came on for hearing on August 20, 1997, on the Motion For Approval and Notice Of Trustee's Intention To Sell Property Of The Estate Free And Clear Of An Interest Of A Co–Owner (Doc. No. 16) ("Motion") filed by the Trustee and the Objection By United States Trustee To Trustee's Motion (Doc. No. 21) ("Objection"). On August 21, 1997, an order was entered which granted the Trustee's Motion to Sell the Property but reserved ruling on how the proceeds of the sale should be distributed by the Trustee (Doc. No. 24). Specifically, the United States Trustee questioned whether the proceeds from the sale should be distributed to *all* of the debtor's creditors or only the *joint creditors* of Vicar Daughtry, the debtor, and his non-filing spouse. After reviewing the pleadings and considering arguments of counsel and applicable law, this Court finds that the proceeds from the sale are to be distributed to all of the Debtor's creditors.

*Background.* The Debtor and his spouse jointly owned a piece of vacant, unimproved property ("Property") as tenants by the entireties. The Debtor filed this Chapter 7 case on April 18, 1997. The Debtor's spouse, however, did not join in the bankruptcy. The Chapter 7 Trustee received an offer to sell the Property to Rhonda Dykes for $4,000.00. Importantly, the non-filing spouse consented to the sale of the Property and agreed to accept $1,500.00 from the proceeds in satisfaction of her 1/2 interest. As a result, on July 17, 1997, the Trustee filed the Motion, under 363(f)(2) of the Bankruptcy Code, to sell the Property (Doc. No. 16). The Chapter 7 Trustee sold the Property pursuant to this Court's order (Doc. No. 24) and is retaining the proceeds until this Court determines the proper distribution of the proceeds.

*Distribution of the Proceeds from the Sale of Real Property Held as Tenants by the Entireties to Creditors.* Bankruptcy courts in Florida are split on the issue of which creditors are entitled to receive the proceeds from the sale of property held jointly by husband and wife as tenants by the entireties. One line of cases concludes that it is entirely proper to allow a trustee to utilize a joint claim by a creditor against both the husband and wife as a lever to overturn an entireties immunity for the benefit of the general estate, not solely for joint creditors. *In re Planas,* 199 B.R. 211, 216 (Bankr. S.D.Fla.1996), *citing In re Boyd,* 121 B.R. 622, 625 (Bankr.N.D.Fla.1989); *In the Matter of Anderson,* 132 B.R. 657, 660 (Bankr. M.D.Fla.1991). The opposing line of cases concludes that only joint creditors of a debtor and a non-filing spouse should share in the distribution from the sale of property held as tenants by the entireties ("TBE"). *Grant v. Himmelstein (In re Himmelstein),* 203 B.R. 1009, 1015–1016 (Bankr.M.D.Fla.1996); *In re Pepenella,* 79 B.R. 76 (Bankr.M.D.Fla.1987), *reversed, Pepenella v. Life Insurance Co. (In re Pepenella),* 103 B.R. 299, 302 (M.D.Fla. 1988).

The reason courts disagree on this issue is because the distributions obtained from the sale of TBE property raise two conflicting bankruptcy policies. The first policy is the principle that all creditors should receive equal pro-rata amounts under the bankruptcy distribution scheme. *In re Boyd,* 121 B.R. 622, 625 (Bankr.N.D.Fla.1989); *See, Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931); 11 U.S.C. Section 726 (1997). If joint creditors of the debtor and the non-filing spouse are the only creditors entitled to the proceeds from the sale of TBE property then a special priority class of creditors is created. *In re Boyd,* 121 B.R. at 625; *In re Planas,* 199 B.R. at 216. One class of unsecured creditors receives more than the remaining unsecured creditors who do not have a joint claim even though they both hold similar unsecured claims. *Id.* This is contrary to the equal treatment distribution scheme of Section 726 of the Bankruptcy Code and the rationale articulated by the United States Supreme Court in *Moore v. Bay*[1]. *Id.*

1. In a sweeping statement, Justice Holmes stated

that all assets recovered for the benefit of the

Conversely, the opposing bankruptcy policy requires that creditors should not obtain a better position in bankruptcy than they would outside of bankruptcy. *Grant v. Himmelstein (In re Himmelstein),* 203 B.R. at 1016. Under Florida state law, only joint creditors of the debtor and the non-filing spouse could reach TBE property. If all of the debtor's creditors are entitled to share in the proceeds from the sale of TBE property, which would not be the case in a Florida state court, then these creditors who do not have a joint claim against both spouses are in a better position in bankruptcy than outside of bankruptcy. *Id.*

Accordingly, the major reason why the courts in *Planas* and *Boyd* held that all creditors should share in the proceeds from the sale of TBE property is that these courts favored the policy that all similarly situated creditors should receive equal treatment. *Cf., In re Planas,* 199 B.R. at 216–217. The court in *Anderson* took a slightly different approach to come to the same conclusion. *In the Matter of Anderson,* 132 B.R. at 660. The court reasoned that a Section 363(h) sale caused the property to lose its TBE status for the debtor and the non-filing spouse. *Id.* The debtor and the non-filing spouse owned the property as tenants in common and thus the proceeds should be available to all unsecured creditors of the estate. *Id.* In contrast, the major reason why the courts in *Pepenella* and *Himmelstein* held that only joint creditors should share in the proceeds from the sale of TBE property is that these courts favored the policy that creditors should not be placed in a better position in bankruptcy than outside bankruptcy. *Cf., Grant v. Himmelstein (In re Himmelstein),* 203 B.R. at 1015–1016.

It is important to note that in all of these bankruptcy cases the debtor claimed a Section 522(b)(2)(B) exemption for property held with the non-filing spouse as tenants by the entireties. *See, In the Matter of Anderson,* 132 B.R. 657 (Bankr.M.D.Fla.1991); *In re Planas,* 199 B.R. 211 (Bankr.S.D.Fla.1996); *Grant v. Himmelstein (In re Himmelstein),* 203 B.R. 1009 (Bankr.M.D.Fla.1996); *In re Pepenella,* 79 B.R. 76 (Bankr.M.D.Fla.1987), reversed, *Pepenella v. Life Insurance Co. (In re Pepenella),* 103 B.R. 299, 301 (M.D.Fla. 1988),; *In re Boyd,* 121 B.R. 622 (Bankr. N.D.Fla.1989). In addition, a trustee or creditor objected to the exemption claimed by the debtor despite the fact that the non-filing spouse had an interest in the property which was not severable under Florida state law[2]. *Id.*

Contrary to the policy conflict which occurs when one spouse files for bankruptcy and claims a Section 522(b)(2)(B) exemption, no policy conflict exists when both spouses jointly file bankruptcy. By filing a joint petition, the husband and wife have, in essence, conveyed the property to the trustee which destroys the tenancy by the entireties characteristics and converts the ownership of the property into tenants in common. *Grant v. Himmelstein (In re Himmelstein),* 203 B.R. at 1015, ftnote 6. Because the property is held as tenants in common, no creditor is placed in a better position in bankruptcy than outside bankruptcy because the proceeds of sales of property held by tenants in common are shared by each creditor on an equal basis. *Cf., Id.* This is because all creditors, not just joint creditors, of a debtor can reach property held as tenants in common by the debtor and the non-filing spouse under Florida state law. *See, Langford v. Brickell,* 103 Fla. 672, 138 So. 75, 77 (1931). Thus, the policy giving similarly situated creditors an equal share of the proceeds and the policy which forbids granting creditors greater rights in bankruptcy than outside of bankruptcy do not conflict when there is a joint filing.

*Analysis.* In the Objection, the United States Trustee has asked the Court to clarify which creditors should share in the

---

estate are to be distributed on an equal basis to all allowed claims, except for secured claims. 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931).

**2.** Under Florida law, a husband and wife can only terminate the tenancy by the entireties when they both convey the property, when one spouse dies and the survivor becomes the sole owner, or when the relationship is dissolved by divorce and the parties become tenants in common. *In re Estate of E.L. Lyons',* 90 So.2d 39, 40–41 (Fla. 1955).

**892**

proceeds from the sale of the Property. Here, unlike most cases discussing this issue, the Trustee is selling the Property under 363(f) of the Bankruptcy Code. The Debtor's non-filing spouse consented to the sale, and the Debtor is not claiming a Section 522(b)(2)(B) exemption. In fact, the Debtor's non-filing spouse agreed to accept $1,500.00 of the $4,000.00 proceeds in satisfaction of her 1/2 interest. Thus, similar to a joint bankruptcy by both spouses, the action of the Debtor filing bankruptcy and the consent of his non-filing spouse to the sale of the Property, in essence, conveyed the Property to the Trustee. Thus, the tenancy by the entireties characteristics of the Property were destroyed. The Property now was held by the Debtor and his non-filing spouse as tenants in common. Accordingly, the proceeds from the sale of the Property must be distributed to all of the Debtor's creditors and not just the joint creditors of the Debtor and his non-filing spouse under Section 726 of the Bankruptcy Code.

Because the Property is held as tenants in common, no creditors of the Debtor are in a better position in bankruptcy than outside of bankruptcy. All of the Debtor's creditors can reach property held as tenants in common. Thus, the *Himmelstein* and *Pepenella* cases which favored the policy of not granting creditors greater rights in bankruptcy than outside bankruptcy do not apply, and the proceeds from the sale of the Property must be distributed to all of the Debtor's creditors pursuant to Section 726 of the Bankruptcy Code.

*Conclusion.* The Trustee shall distribute the proceeds from the sale of the Property on a pro-rata basis to all of the Debtor's creditors. The Objection is overruled. A separate order consistent with these findings of fact and conclusions of law shall be entered.