### In re Lillie C. STEWART, Debtor.

### No. 06–02161.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 20, 2007.

---

Douglas C. Higginbotham, Jacksonville, FL, for Debtor.

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's Objection to Debtor's claim of exemptions in two parcels of real property. After a hearing held on January 9, 2007, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On July 21, 2006 (the "Petition Date"), Lillie Stewart ("Debtor"), filed for Chapter 7 relief under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). (Tr. Ex. 1).

2. Prior to Debtor filing her petition for relief, on July 18, 2006, Debtor's husband, Ashley Stewart ("Husband"), filed for Chapter 7 relief under BAPCPA. (Tr. Ex. 3).

3. Debtor and Husband were legally married at all relevant times.

4. Both Debtor and Husband consulted the same bankruptcy attorney, D.C. Higginbotham, and he signed and filed both of their petitions with the Court. Also, Debtor and Husband completed their credit counseling at the same time, on the same day, by telephone. (Tr. Exs. 11 and 12).

5. On the Petition Date, Debtor and Husband owned real property located at 1581 W. 28th Street (the "28th St. Property"), Jacksonville, Florida, as tenants by the entirety. (Tr. Ex. 2).

6. Additionally, on the petition date, Debtor and Husband owned an undivided one-half (1/2) interest in real property located at 3219 Myrtle Avenue (the "Myrtle Ave. Property"), Jacksonville, Florida, as tenants by the entirety. (Tr. Ex. 2). Elisha and Kimberly McDonald owned the remaining one-half (1/2) interest in the property. (Tr. Ex. 10).

7. On Schedule C of her bankruptcy petition, Debtor claimed both the 28th St. Property and the Myrtle Ave. Property as exempt, citing "Florida Common Law," as the specific basis for the exemption. Husband also claimed the two properties as exempt on the same basis, in his separately filed bankruptcy case. (Tr. Ex. 4).

8. On Schedule A of each of their petitions, Debtor and Husband listed the value

of the claimed exemptions as $10,000.00 for the 28th St. Property and $32,500.00 for the Myrtle Ave. Property. No liens are listed on either property. (Tr. Exs. 2 and 4).

9. Debtor's original Schedule F and Husband's original Schedule F listed the same twenty-three (23) creditors in the exact same amounts. (Tr. Exs. 2 and 4).

10. On September 21, 2006, Aaron R. Cohen, the Chapter 7 Trustee ("Trustee"), filed an Objection to Debtor's claim of exemptions in the 28th St. Property and Myrtle Ave. Property. Trustee claimed that the law relied on by Debtor, "Florida Common Law," was too vague, and therefore, did not provide a legal basis for the claimed exemptions in the two parcels of real property. Further, Trustee asserted that Debtor was not entitled to claim the two properties as exempt as tenants by the entirety because by filing their respective bankruptcy petitions three (3) days apart, Debtor and Husband conveyed the properties to their respective trustees, destroying their tenants by the entirety ownership.

11. On October 31, 2006, both Debtor and Husband filed an amended Schedule F in their respective cases. The amendments indicated that some debts initially claimed as joint were deleted or reclassified as the individual debt(s) of one spouse. However, some joint debts remain in the amended schedules. (Tr. Exs. 6 and 8).

12. On December 4, 2006, Debtor and Husband transferred their undivided one-half (1/2) interest in the Myrtle Ave. Property to Elisha and Kimberly McDonald (the "McDonald's") by quit-claim deed. The McDonald's did not pay Debtor and Husband for the Myrtle Ave. Property other than the $10.00 consideration stated in the deed. (Tr. Ex. 14).

13. On December 29, 2006, Debtor and Husband transferred their interest in the 28th Street Property to relatives, Michael Cohen and Bryan Cohen, by quit-claim deed. Other than the $10.00 consideration stated in the deed, neither Michael Cohen nor Bryan Cohen paid Debtor and Husband for the property. (Tr. Ex. 13).

14. As of January 9, 2007, the date of the hearing on Trustee's Objection to Debtor's claim of exemptions, no joint creditor of Debtor and Husband had obtained an *in personam* judgment against them regarding the 28th St. Property and Myrtle Ave. Property.

### CONCLUSIONS OF LAW

The issue presently before the Court is whether Debtor's claim of exemptions, regarding the 28th St. Property and Myrtle Ave. Property, owned as tenants by the entirety by Debtor and Husband, should be disallowed. More precisely, the Court must decide whether (i) Debtor and Husband jointly "conveyed" the properties at issue to their respective Trustees when they filed for relief three (3) days apart, and (ii) whether their actions terminated ownership of the properties as tenants by the entirety.

When a debtor files for relief under BAPCPA, a bankruptcy estate is established which includes all property that the debtor has a legal or equitable interest in as of the petition date. 11 U.S.C. § 541(a)(1) (2007). Certain exemptions from property to be included in the debtor's bankruptcy estate are provided pursuant to 11 U.S.C. § 522 (2007). However, under BAPCPA states can choose to "opt out" of the exemptions provided under federal law in § 522(d), and instead provide their own system of exemptions pursuant to state law. *See* 11 U.S.C. § 522(b) (2007); *In re Campbell*, 214 B.R. 411, 413 (Bankr.M.D.Fla.1997). The state of Florida has opted out of the federal exemptions provided under BAPCPA and

permits its residents to claim exemptions in real and personal property pursuant to the Florida Statutes, the State Constitution, and nonbankruptcy federal law. *See* Fla. Stat. § 222.20 (2007). Further, § 522(b)(3)(B) of BAPCPA authorizes a debtor to exclude from his/her bankruptcy estate, "any interest in property in which debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety .... to the extent that such interest as a tenant by the entirety .... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B) (2007).

■ In order to own property as tenants by the entirety in Florida, six (6) unities, or elements, must be satisfied. *Beal Bank, SSB v. Almand & Assocs.*, 780 So.2d 45, 52 (Fla.2001). The six unities required for tenancy by the entirety ownership include:

    a.) unity of possession (joint ownership and control);

    b.) unity of interest (the interests in the property must be identical);

    c.) unity of title (the interests originate in the same instrument);

    d.) unity of time (the interests commence simultaneously);

    e.) survivorship; and

    f.) unity of marriage (the parties must have been married when the property became titled in their joint names).

*Id.*

■ Conversely, ownership of property as tenants by the entirety is terminated when both spouses convey the property, when either spouse dies and the surviving spouse becomes the sole owner of the property, or when the spouses divorce. *In re Lyons' Estate*, 90 So.2d 39, 40–41 (Fla. 1955); *In re Daughtry*, 221 B.R. 889, 891 n. 2 (Bankr.M.D.Fla.1997). Further, when spouses file a joint bankruptcy petition,

"they, in essence, 'convey' the property to the trustee, which destroys the unities and makes it [the property] held as tenants in common and subject to division and sale by the trustee." *In re Himmelstein*, 203 B.R. 1009, 1014 n. 6 (Bankr.M.D.Fla.1996). Additionally, once ownership as tenants by the entirety is destroyed by the requisite joint action of the spouses through the filing of a joint petition, the property "would go to all creditors on an equal basis," not just joint creditors of the spouses. *Id.*

■ Although non-binding upon this Court, other courts have held that spouses are not entitled to retain property owned as tenants by the entirety when they file separate bankruptcy petitions, "within a reasonably close period of time." *In re Penland*, 34 B.R. 536, 540 (Bankr. E.D.Tenn.1983); *In re Tyler*, 27 B.R. 289, 293 (Bankr.E.D.Va.1983); *See also In re Shelton*, 201 B.R. 147, 151–152 (Bankr. E.D.Va.1996) (stating that, "permitting debtors to harbor and protect tenancy by the entirety property from their joint creditors by filing serial individual bankruptcies may represent a legal fraud upon the debtors' joint creditors.") In each of these cases, the courts found it appropriate to use its equitable discretion to reopen one spouse's bankruptcy case post-discharge, when the other spouse filed for bankruptcy within a close period of time, in order to permit the trustees to administer property owned as tenants by the entirety and to prevent a legal fraud on the spouses' joint creditors. *See Reid v. Richardson*, 304 F.2d 351, 354–355 (4th Cir.1962); *In re Penland*, 34 B.R. at 540; *In re Tyler*, 27 B.R. at 291–293; *In re Shelton*, 201 B.R. at 156–157. Further, another court reasoned that it would be inequitable to allow separately filing spouses to retain entireties property as an exemption under 11 U.S.C. § 522(b)(3)(B), to the detriment of their

joint creditors. *In re D'Avignon*, 34 B.R. 790, 796 (Bankr.D.Vt.1981).

"The filing of separate petitions by the debtors to save the entirety property from the reach of the trustee is no more than a nicety. The rights of the debtors must be determined by substantive law rather than form." *Id.* Trustee argues that Debtor's ownership of the properties is no longer entitled to be treated as a tenancy by the entireties because Debtor and her separately filing spouse (Husband) acted jointly, and the filing of their petitions a mere three (3) days apart was simply an attempt to keep the properties at issue out of their creditors reach. Trustee reasons that the rights of debtors must be determined by substantive law, rather than form, and that it would be inequitable for Debtor and Husband to be allowed to retain the properties in their entireties status. Accordingly, Trustee maintains that Debtor and Husband's tenancy by the entireties ownership was terminated upon the filing of their bankruptcy petitions.

Debtor argues that her and Husband's ownership of the two properties as tenants by the entirety was not terminated by the filing of their separate bankruptcy petitions three (3) days apart because the filing of separate petitions does not constitute joint action. In support of her position, Debtor relies on this Court's prior holdings that, "a trustee can only administer [real] property held as tenants by the entirety if the creditor has a judgment against both the debtor and non-filing spouse." *In re Campbell*, 214 B.R. 411, 415 (Bankr.M.D.Fla.1997); *In re Himmelstein*, 203 B.R. 1009, 1013 (Bankr.M.D.Fla. 1996). Although the instant case is clearly distinguishable from *Campbell* and *Himmelstein*, as the Court in those cases was faced solely with the issue of a debtor and *non*-filing spouse, the Debtor seeks to have the Court extend its prior rulings to include a debtor and separately filing spouse.

The facts of the instant case show that Debtor and Husband acted in tandem in making the decision to file bankruptcy. Debtor and Husband jointly consulted an attorney about filing bankruptcy, proceeded to hire the same attorney, simultaneously took the required credit counseling course and filed their petitions for relief only three (3) days apart. Additionally, Debtor and Husband's original schedules reflected essentially the same creditors. It was not until after Trustee's objection that Debtor and Husband filed amended schedules, deleting or reclassifying some joint debts as the individual debt(s) of either Debtor or Husband.

█ Based upon the facts of the instant case, the Court agrees with Trustee's position that to allow the properties at issue to retain tenancy by the entirety status would amount to putting form over substance. Congress intended to limit abuses under the bankruptcy system in enacting BAPCPA, and allowing Debtor and Husband to prevail in such a transparent attempt to "work the system," would go against the spirit and legislative intent of the Act. This is not a case in which Debtor and Husband are estranged, or in which any other legitimate reason has been set forth as to why Debtor and Husband filed separately. Clearly, the decision to file separately was a strategic one, made as an attempt to save the 28th Street Property and Myrtle Ave. Property. This Court will not permit Debtor and Husband to reap the benefits of filing for relief, without having to face some of the costs to be incurred in exchange for receiving a discharge of their debts. Therefore, the Court will sustain Trustee's Objection to Debtor's claim of exemptions concerning the properties at issue.

## CONCLUSION

Based on the above, Trustee's Objection to Debtor's claim of exemptions regarding the 28th St. Property and Myrtle Ave. Property is SUSTAINED. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.