**In re Ashley S. STEWART, Debtor.**

**No. 06–2115–JAF.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 17, 2007.

See also 373 B.R. 736, 2007 WL 879178.

---

Douglas C. Higginbotham, Jacksonville, FL, for Debtor.

Nina M. LaFleur, St. Augustine, FL, for Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon the Chapter 7 Trustee's objection to Debtor's claim of exemptions. After a hearing held on Tuesday, July 31, 2007, at which the parties filed a stipulation of facts, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On July 18, 2006, Ashley Stewart ("Debtor"), filed for bankruptcy protection under Chapter 7 of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Debtor's case was assigned to the undersigned, and Alexander G. Smith ("Trustee Smith") was appointed as the Chapter 7 Trustee. (Tr. Smith's Exs. 1, 2). On July 21, 2006, Lillie Stewart, Debtor's wife ("Wife"), separately filed for relief under Chapter 7 of BAPCPA. Wife's case was assigned to the Honorable George L. Proctor, and Aaron R. Cohen ("Trustee Cohen") was appointed as the Chapter 7 Trustee. (Tr. Smith's Exs. 10, 11). Debtor and Wife were married on the petition date for both cases.

Both Debtor and Wife hired D.C. Higginbotham as their attorney, and they jointly met with him prior to his filing of their separate bankruptcy petitions. (Tr. Smith's Exs. 2, 11). Also, Debtor and Wife completed their mandatory credit counseling at exactly the same time, by telephone. (Tr. Smith's Exs. 6, 13).

On the petition date of both cases, Debtor and Wife owned an undivided one-half (1/2) interest in real property located at 3219 N. Myrtle Avenue, Jacksonville, Florida (the "Myrtle Ave. Property"), as tenants by the entireties. Elisha and Kimberly McDonald (the "McDonald's") owned the other one-half (1/2) interest in the Myrtle Ave. Property. (Tr. Smith's Exs. 2, 5, 11). As of the petition date of both cases, Debtor and Wife also owned real property located at 1581 W. 28th Street, Jacksonville, Florida (the "28th Street Property"), as tenants by the entireties. (Tr. Smith's Exs. 2, 4, 11). Debtor and Wife claimed the Myrtle Ave. and 28th Street Properties as exempt in their respective cases, and listed "Florida Common Law," as the specific basis for the exemptions. (Tr. Smith's Exs. 2, 11).

On Schedule A of their individual petitions, Debtor and Wife listed the value of their interest in the Myrtle Ave. Property at $32,500.00, and the value of the 28th Street Property at $10,000.00. On Schedule D of their separate petitions, Debtor and Wife listed no liens on the Myrtle Ave. and 28th Street Properties. (Tr. Smith's Exs. 2, 11). On Schedule F of their respective petitions, Debtor and Wife listed the same twenty-three (23) unsecured creditors in the exact same amounts. (Tr. Smith's Exs. 2, 11).

On August 31, 2006, Trustee Smith filed an objection to Debtor's claim of exemptions, regarding the Myrtle Ave. and 28th Street Properties, upon the basis that the law relied on by Debtor, "Florida Common Law," was too vague, and therefore, did not provide a legal basis for the claimed

exemptions. Further, Trustee Smith indicated that the value of the claimed exemptions on the Myrtle Ave. and 28th Street Properties, exceeded the exemption to which Debtor was entitled. (Tr. Smith's Ex. 7).

On September 21, 2006, Trustee Cohen filed an objection to Wife's claim of exemptions, regarding the Myrtle Ave. and 28th Street Properties. Trustee Cohen asserted that Wife was not entitled to claim the properties as exempt, as tenants by the entireties, because by filing their petitions three (3) days apart, Debtor and Wife conveyed the properties to their respective trustees, destroying their tenants by the entireties ownership. (Tr. Smith's Ex. 14). For the purposes of this objection, Trustee Smith has adopted Trustee Cohen's argument (above).

On October 31, 2006, both Debtor and Wife filed an amended Schedule F in their respective cases. The amendments reclassified and deleted certain debts that were initially claimed as joint debts. (Tr. Smith's Exs. 3, 12). However, Debtor and Wife concede that they are jointly liable to four (4) unsecured creditors.

On December 4, 2006, Debtor and Wife transferred their interest in the Myrtle Ave. Property to the McDonald's, by quit-claim deed. Other than the $10.00 consideration stated in the deed, the McDonald's did not pay for the property. (Tr. Smith's Ex. 8).[1] On December 29, 2006, Debtor and Wife transferred their interest in the 28th Street Property to their relatives, Michael Cohen and Bryan Cohen, by quit-claim deed. Other than the $10.00 consideration stated in the deed, neither Michael Cohen, nor Bryan Cohen, paid any additional consideration for the property. (Tr. Smith's Ex. 9).[2]

On January 9, 2007, the Honorable George L. Proctor held a hearing in Wife's case, regarding Trustee Cohen's objection to her claim of exemptions in the Myrtle Ave. and 28th Street Properties. Wife testified that she and Debtor filed separate bankruptcy petitions, rather than a joint petition, in order to protect the Myrtle Ave. and 28th Street Properties. The Court took the matter under advisement. Both parties filed post-hearing memoranda and proposed Findings of Fact and Conclusions of Law. (Tr. Smith's Exs. 12, 15, 16). On March 20, 2007, the Honorable George L. Proctor issued Findings of Fact and Conclusions of Law, and an order sustaining Trustee Cohen's objection to Wife's claim of exemptions in the Myrtle Ave. and 28th Street Properties. *See In re Stewart,* 373 B.R. 736, 738 (Bankr. M.D.Fla.2007).

The Court conducted a hearing on July 31, 2007, on Trustee Smith's objection to Debtor's claim of exemptions. As of that date, no joint creditor had obtained a judgment against Debtor and Wife, in regards to the Myrtle Ave. and 28th Street Properties. The Court took the matter under advisement.

### CONCLUSIONS OF LAW

The issue presently before the Court is whether Debtor's claim of exemptions, regarding the Myrtle Ave. and 28th Street Properties, should be disallowed. More precisely, the Court must decide whether Debtor and Wife jointly "conveyed" the

1. Trustee Smith's Exhibit No. 8 is (mistakenly) labeled, "Deed to Property at 1581 W. 28th." Actually, Trustee Smith's Exhibit No. 8 is a deed to the Myrtle Ave. Property. *See* (Tr. Smith's Exs. 4, 5, 17).

2. Trustee Smith's Exhibit No. 9 is (mistakenly) labeled, "Deed to Property at 3219 N. Myrtle Ave." Actually, Trustee Smith's Exhibit 9 is a deed to the 28th Street Property. *See* (Tr. Smith's Exs. 4, 5, 17).

properties to their respective trustees when they filed for relief three (3) days apart, and whether their actions terminated ownership of the properties as tenants by the entireties.

The Court does not recede from any of its prior rulings, concerning tenants by the entireties. Debtor's attorney, pursuant to Local Rule 1073–1(b)(3),[3] should have advised the Clerk of Court that Debtor and Wife's cases were related so that they would be assigned to the same judge and trustee, to avoid inconsistent rulings in what in reality is a joint case. Accordingly, in the interest of uniformity and fairness, this court adopts the ruling of the Honorable George L. Proctor in Wife's case, *In re Stewart*, 373 B.R. at 738 (Bankr.M.D.Fla.2007). There, the Court sustained Trustee Cohen's objection to Wife's claim of exemptions in the Myrtle Ave. and 28th Street Properties, and ruled that Wife's ownership of the properties as tenants by the entireties terminated when she and Debtor filed for Chapter 7 relief a mere three (3) days apart. *In re Stewart*, 373 B.R. at 740–42 (Bankr.M.D.Fla.2007). The court reasoned that allowing the subject properties to retain tenancy by the entirety status would amount to putting form over substance as, "Congress intended to limit abuses under the bankruptcy system in enacting BAPCPA." *In re Stewart*, 373 B.R. at 740–42 (Bankr. M.D.Fla.2007). Thus, the Court found that Wife and Debtor's decision to file separately was a strategic one, made as an attempt to save the properties at issue from their creditors, as no legitimate reason was set forth for the filing of individual petitions. *Id.*

### *CONCLUSION*

Based upon the above, Trustee Smith's objection to Debtor's claim of exemptions, regarding the Myrtle Ave. and 28th Street Properties, is SUSTAINED. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

**ORDERED.**

---

**3.** Local Rule 1073–1(b)(3) of the United States Bankruptcy Court for the Middle District of Florida, provides:

The Clerk shall assign successive cases filed by or against the same debtor and multiple cases filed by or against related entities or affiliates to the judge assigned the previously filed case if the successive cases are filed in the same division as the first such case. If the successive case is filed by the same debtor in a different division than the previous case within two years of closing the previous case, the Clerk shall assign the successive case to the judge assigned the previous case. For purposes of this subsection (b)(3), a successive case includes a case that is later refiled after it is dismissed. It shall be the duty of counsel or the petitioning party or parties, if not represented by counsel, to bring such matters to the attention of the Clerk by noting full particulars about the previous or related filings on the second page of the Voluntary Petition (Official Form No. 1) or on a separate Notice of Successive or Related Cases.